IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| NANCY SMITH, individually and as ) <br> Administrator of the Estate of MINOR N.S., ) <br>     PLAINTIFF                  ) <br>                                          ) <br> v.                                        ) <br>                                          ) <br> CITY OF HUNTSVILLE, as a person    ) <br> Under U.S.C. §1983;                    ) <br> CHIEF OF POLICE, LEWIS MORRIS,  ) <br> Individually and in his official capacity;  ) <br> OFFICER DEWAYNE MCCARVER,    ) <br> Individually and in his official capacity;  ) <br> FICTITIOUS OFFICER A (female),     ) <br> Individually and in his official capacity;  ) <br> FICTITIOUS OFFICER B,             ) <br> Individually and in his official capacity;  ) <br> FICTITIOUS OFFICER C,             ) <br> Individually and in his official capacity;  ) <br> FICTITIOUS OFFICER D[1],              ) <br> Individually and in his official capacity;  ) <br>     DEFENDANTS.                ) | CASE NO.: <br><br> JURY DEMAND |

COMPLAINT

1.      This is a civil rights action brought to vindicate Minor N.S.'s rights under the United States Constitution, the Alabama State Constitution, and under the statutory laws of the United States and Alabama.

2.      This is an action for damages sustained by a citizen of the United States against the City of Huntsville, (hereinafter referred to as "Defendant City"), Chief of Police Lewis Morris for the City of Huntsville, (hereinafter referred to as "Defendant Chief"), and Officers Dewayne McCarver, Fictitious Defendant A, Fictitious Defendant B, Fictitious Defendant C,

---

[1] The fictitiously named Defendants herein are described with enough specificity so that the actions attributable to those Defendants may be easily assigned once the true identities are learned. *See, Memorandum Opinion* of <u>Heard v. Amerson</u> CV 1:12-2581-RBP.

and Fictitious Defendant D (hereafter collectively referred to as "Defendant Officers"), for injuries sustained on June 13, 2013, when Defendant Officers used excessive force on Minor N.S. and physically assaulted him without provocation and not in pursuit of any legitimate governmental interest, resulting in the death of Minor N.S. on June 18, 2013.  This is also an action against the City of Huntsville and the Huntsville Chief of Police for failure to properly train, supervise and discipline officers with regard to use of excessive force, search and seizure, use of informants, arrest of minors, and medical intervention.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, and 1343(a)(3), (4) to obtain redress for deprivation of rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

4. The Plaintiff also invokes the supplemental jurisdiction of this Court for state law claims that arise from the same facts and circumstances under 28 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1393 (b), in that the events or occurrences giving rise to Plaintiff's claims occurred in the Northern District of Alabama, and pursuant to Alabama Code §§ 6-3-2 and 6-3-11 (1975).

## PARTIES

6. Plaintiff Nancy Smith, individually and as the Administrator of the Estate of Minor N.S., is a citizen of the United States, a citizen of the State of Alabama, and a resident of Madison County, Alabama.

7. N.S., deceased, (hereinafter referred to as "Minor N.S."), was a citizen of the United States, a citizen of the State of Alabama, and a resident of Madison County, Alabama. He

was a minor under the age of nineteen (19) at the time of the physical assault which makes the basis of this complaint.

8. Defendant City of Huntsville is a municipal corporation within the State of Alabama.

9. Defendant Officer Lewis Morris, (hereinafter referred to as "Morris"), is the Chief of Police for the City of Huntsville Police Department and is responsible for training, supervising and disciplining officers in proper policies and procedures.

10. Defendant Officer Dewayne McCarver, (hereinafter referred to as "McCarver"), was the officer on duty for the City of Huntsville Police Department at the time of the incident which resulted in the death of Minor N.S.

11. Fictitious Defendant A, (hereinafter referred to as "A"), was the officer on duty for the City of Huntsville Police Department at the time of the incident which resulted in the death of Minor N.S.

12. Fictitious Defendant B, (hereinafter referred to as "B"), was the officer on duty for the City of Huntsville Police Department at the time of the incident which resulted in the death of Minor N.S.

13. Fictitious Defendant C, (hereinafter referred to as "C"), was the officer on duty for the City of Huntsville Police Department at the time of the incident which resulted in the death of Minor N.S.

14. Fictitious Defendant D, (hereinafter referred to as "D), was the officer on duty for the City of Huntsville Police Department at the time of the incident which resulted in the death of Minor N.S.

## STATEMENT OF FACTS

15. On June 13, 2013, the Huntsville Police Department "set up" an unrelated third party Eighteen (18) year old male, (hereinafter referred to as "third party minor") to allegedly purchase a controlled substance from Minor N.S., a Seventeen (17) year-old male.

16. Upon information and belief, the Eighteen (18) year old male was a confidential informant for the Huntsville Police Department.

17. At approximately 11:20 a.m. on June 13, 2013, the unidentified third party minor arrived at the house of Minor N.S. Minor N.S.'s mother, Nancy Smith, had no knowledge that Defendants City, Chief and Officers had arranged a "set up" between Minor N.S. and the unidentified third party minor, and that the alleged purchase was to take place at Minor N.S.'s home. Upon information and belief, the parents of the unidentified third party minor also had no knowledge that Defendants City, Chief and Officers had arranged said set up.

18. As part of the alleged purchase, Defendants had plain-clothed officers hiding around the area to make any necessary arrests.

19. At some point during the buy between the unidentified third party minor and Minor N.S, Defendant Officers, dressed in civilian clothes, began running toward Minor N.S. Upon information and belief, the Defendant Officers did not identify themselves as Huntsville Police Officers as required under the law.

20. Since Defendant Officer A was in civilian attire, Minor N.S. did not know she was an officer. Unaware that she was an officer, Minor N.S. began walking in the opposite direction away from the unidentified officer. Without warning or any lawful command Defendant Officer grabbed Minor N.S. and violently threw him to the ground, handcuffed him

and proceeded to pepper spray him in the face. Minor N.S. was unarmed and posed no threat to himself, Defendant Officers, or others.

21. While Minor N.S. was being thrown face down on the ground, he began choking uncontrollably. Minor N.S. was unable to breathe for an extended period of time. At some point, Defendant Officer B called the Paramedics. The first call for an ambulance was at 11:45 a.m.

22. Minor N.S. was lying on the ground, unable to move as a result of the police officer confining him beneath the weight of his body and the effects of being pepper sprayed in the face. While handcuffed, Defendant Officer was forcefully and unlawfully shoving his knees into Minor N.S.'s back, further hindering Minor N.S.'s ability to breathe. Minor N.S. was unable to move any part of his body. Although Minor N.S. continued to choke and lose consciousness, Defendant Officers refused to remove his handcuffs or allow him to sit upright to attempt to breathe.

23. Minor N.S. was in handcuffs, lying motionless on the ground, when the Paramedics arrived. The Paramedics told the doctor Minor N.S. appeared lifeless and had no pulse.

24. Upon information and belief, Defendant Officers told the responding Paramedics that Minor N.S. had "swallowed a bag of drugs" while being taken to the ground, causing him to choke. Defendant Officers also told the Paramedics that they had attempted to retrieve the purportedly swallowed bag prior to the Paramedics' arrival. Upon information and belief, Defendant Officers, without proper training or expertise, shoved a sharp oblong object into Minor N.S.'s throat; however, no bag was found or recovered from the scene nor was a bag found or retrieved from the hospital where Minor N.S. was treated until his death. The

Paramedics were on the scene with Minor N.S. for approximately Twenty Two (22) minutes attempting to resuscitate him before taking him to the Emergency Room.

25. During the Defendant Officers' unlawful arrest of Minor N.S., Defendant Officers used such excessive and unnecessary force that Minor N.S. suffered at least two (2) broken ribs. However, upon information and belief, Defendant Officers failed to inform the responding Paramedics of Minor N.S.'s additional injuries.

26. Minor N.S. was approximately Six (6) feet in height and weighed approximately One Hundred Thirty (130) Pounds at the time of the incident which resulted in his death.

27. When Minor N.S's family arrived at the scene, Defendant Officer communicated information to the family that Minor N.S. had been set up to sell drugs to an undercover police officer, and that Minor N.S. had been apprehended and was choking. His family was told that the situation was "under control." This was later shown to be untrue. They were told that "this type" of incident occurs frequently. Minor N.S.'s family was not permitted to approach the scene, and was told to remain at their home, but were denied entry to their home by Defendant City and Officers. Minor N.S.'s family was not informed at the time that Minor N.S. had suffered from a cardiac arrest and was rendered unconscious.

28. After the paramedics unsuccessfully attempted to revive Minor N.S., he was then taken to the emergency room. According to the Huntsville Hospital medical records, he suffered a cardiac arrest while in the custody of the Defendants. In addition to Minor N.S.'s broken ribs and inability to breathe, he had numerous contusions all over his body.

29. While Minor N.S. was in the Intensive Care Unit of the hospital, an unknown officer with the City of Huntsville, Department of the Internal Affairs Division, burst into the

room, without the knowledge or consent of Minor N.S.'s family, and tore the sheets from Minor N.S's body to take photographs of his injuries. Minor N.S. was unconscious at the time.

30. Minor N.S. was treated at Huntsville Hospital for Five (5) days before he died on June 18, 2013.

31. Although Minor N.S. has been deceased for almost Nine (9) months, the Coroner has refused to release his autopsy report to Minor N.S.'s mother as of the filing of this complaint.

32. At no time has a member of Defendant City's Department of Internal Affairs attempted to contact Minor N.S.'s mother or other family members as part of their, or any, investigation into the death of Minor N.S.. Upon information and belief, Internal Affairs has not completed any Internal Affairs Investigation regarding the death of Minor N.S.

## COUNT I - EXCESSIVE USE OF FORCE

33. The Plaintiff incorporates by reference paragraphs 1 through 32 of the Complaint as if fully set out herein.

34. Defendant Officers, exercising their position of authority and acting under the color of state law in their capacity as public officials and representatives of the City of Huntsville and Huntsville Police Department, unlawfully subjected Minor N.S. to excessive and unnecessary force by officers when, 1) encountering no resistance from Minor N.S., they forcefully threw Minor N.S. face down on the ground, handcuffed him and pepper sprayed him in the face; 2) as Minor N.S. was motionless on the ground, Defendant Officer got on top of him, shoved his knees into Minor N.S.'s back, further hindering his ability to breathe; 3) as Defendant Officers, without proper training or experience, probed Minor N.S.'s throat with a sharp instrument as he was choking; and 4) as Defendant Officers broke his ribs, while he was in handcuffs.

35. Minor N.S. was at no time posing any threat to Defendant Officers or any other person, nor was he attempting to escape when he was handcuffed, violently thrown on the ground, pepper sprayed in the face and then physically assaulted. He was not posing any threat to Defendant Officers when he was lying on the ground handcuffed and unconscious while Defendant Officer forcefully held him down and shoved his knees in Minor N.S.'s back, further restricting his ability to breathe and broke his ribs.

36. The physical assault on Minor N.S. by Defendant Officers was in violation of Minor N.S.'s constitutionally protected rights under the Fourth and Fourteenth Amendments of the United States Constitution. As a direct and proximate result of the actions of the Defendants, Minor N.S. suffered injuries that resulted in his death.

COUNT II – FOURTH AMENDMENT – UNLAWFUL SEARCH AND SEIZURE

37. The Plaintiff incorporates by reference paragraphs 1 through 36 of the Complaint as if fully set out herein.

38. Defendant Officers, exercising their position of authority and acting under the color of state law in their capacity as public officials and representatives of the City of Huntsville and Huntsville Police Department conducted a search and/or seizure when Defendant Officers arrested him and proceeded to physically assault him.

39. Defendant Officers, exercising their position of authority and acting under the color of state law in their capacity as public officials and representatives of the City of Huntsville and Huntsville Police Department, unlawfully subjected Minor N.S. to excessive and unnecessary force by officers: 1) when they violently threw Minor N.S. face down on the ground, handcuffed him and pepper sprayed him; 2) as Minor N.S. was on the ground, Defendant

Officer got on top of him, shoved his knees into Minor N.S.'s back, further hindering his ability to breathe;  3) as Defendant Officers, without proper training or experience, probed Minor N.S.'s throat with a sharp oblong instrument as he was choking;  and 4) as Defendant Officers broke his ribs while he was in handcuffs, causing him to become physically ill, lose consciousness, and eventually die.

COUNT III - FAILURE TO TRAIN AND SUPERVISE

40. The Plaintiff incorporates by reference paragraphs 1 through 39 of the Complaint as if fully set out herein.

41. Defendant City of Huntsville and Defendant Officers failed to adequately train and supervise Defendant Officers in the areas of use of excessive force, search and seizure, and arrest procedures which were the direct cause of the injuries and death to Minor N.S.. Defendant City of Huntsville, and Defendant Officers failed to adequately train and supervise Defendant Officers in the areas of use of informants and minor informants and such was the direct cause of the injuries and death to Minor N.S..  Defendant City of Huntsville and Defendant Officers failed to adequately train and supervise Defendant Officers in the areas of use of excessive force and arrest procedures of minor children which was the direct cause of the injuries and death to Minor N.S..  Defendant City of Huntsville and Defendant Officers failed to adequately train and supervise Defendant Officers by adequately training and maintaining procedures regarding police informants, particularly involving minors, which were the direct cause of the injuries and death of Minor N.S..

42. It was foreseeable that the failure to adequately train, supervise, and discipline officers who exhibit blatant and deliberate disregard for the constitutional rights of Huntsville

citizens would cause injury or death to those citizens.  Such deliberate indifference and reckless disregard directly resulted in minor N.S.'s injuries and death.  Defendant Officers' improper use of force violates the constitutional rights of those citizens the officers encounter. Defendants therefore exhibited reckless disregard for and deliberate indifference to Minor N.S..  As a result of the acts and omissions of the Defendants, Minor N.S. suffered physical, emotional, and psychological injury leading up to his death.

COUNT IV – TORT OF OUTRAGE

43. Plaintiff incorporates by reference paragraphs 1 through 42 of the Complaint as if fully set out herein.

44. The actions of Defendant Officers against Minor N.S. as previously set out herein, severally and in their totality, are so extreme and outrageous in nature as to shock the conscience of the community. The actions of Defendant Officers were willful, malicious, and intentional as to inflict terror and trauma upon a Huntsville citizen. The emotional distress caused by the Defendant Officers was so severe that no reasonable person could or should be expected to endure it. *Hamilton v. City of Jackson*, 508 F.Supp.2d 1045, 1060 (2007). Defendant Officers, exercising their position of authority and acting under the color of state law in their capacity as public officials and representatives of the City of Huntsville and Huntsville Police Department, unlawfully subjected Minor N.S. to excessive and unnecessary force by officers:  1) when they violently threw Minor N.S. face down on the ground, handcuffed him and pepper sprayed him in the face; 2) as Minor N.S. was on the ground, Defendant Officer got on top of him, shoving his knees into Minor N.S.'s back further hindering his breathing;  3) as Defendant Officers probed, without proper training or experience, into Minor N.S.'s throat with a sharp oblong instrument.;

and 4) as Defendant Officers, used excessive and unnecessary force resulting in Minor N.S's broken ribs.

## COUNT V – ASSAULT AND BATTERY

45. Plaintiff incorporates by reference paragraphs 1 through 44 of the Complaint as if fully set out herein.

46. Defendant Officers, exercising their position of authority and acting under the color of State Law in their capacity as public officials and representatives of the City of Huntsville and Huntsville Police Department, assaulted Minor N.S. by intentionally and unlawfully offering to touch the Minor N.S. in such a rude and angry manner as to create in the mind of a reasonable person a well-founded fear of imminent battery.

47. This was coupled with an apparent present ability by Defendant Officers to effectuate the attempt by grabbing Minor N.S., violently throwing him to the ground, handcuffing him and pepper spraying him in the face. Defendant Officer assaulted Minor N.S. by intentionally and unlawfully offering to touch him by placing the weight of his full body on top of Minor N.S., and by shoving his knees into Minor N.S.'s back, further hindering his ability to breathe. Defendant Officers probed Minor N.S.'s throat, without proper training or experience, with a sharp instrument as he was choking, and Defendant Officer broke his ribs when he repeatedly used excessive force by shoving his knees into Minor N.S.'s back, while he was in handcuffs, causing Minor N.S. to become physically ill, lose consciousness, and eventually die.

48. As a result of Defendant Officers' actions, Minor N.S. was forced to be hospitalized for at least five (5) days, grievously injured, until he died on June 18, 2013.

## COUNT VI - DELIBERATE INDIFFERENCE

49. Plaintiff incorporates by reference paragraphs 1 through 48 of the Complaint as if fully set out herein.

50. Defendant City of Huntsville, Defendant Chief of Police Lewis Morris, and others have created an atmosphere of tolerance regarding willful, wanton, and improper behavior of its officers that has resulted in a reputation of excessive use of force and violent behavior in the community causing citizens to be fearful for their safety and well-being.

51. Through their acts and omissions they are engaging in a pattern or practice of systemic deficiencies that has resulted in a widespread history of excessive force by Huntsville Police Officers depriving persons of rights, privileges and immunities secured or protected by the U.S. Constitution, the laws of the United States and the Alabama Constitution. These systemic deficiencies include, but are not limited to:

    a. failing to implement policies, procedures and practices regarding use of force that appropriately guide and monitor the actions of Huntsville Police Officers;

    b. failing to train Huntsville Police Officers adequately to prevent the occurrence of misconduct;

    c. failing to supervise Huntsville Police Officers adequately to prevent the occurrence of misconduct;

    d. failing to give adequate emergency medical training to Huntsville Police Officers;

    e. failing to train Huntsville Police Officers in the arrest and medical treatment of minors;

  f. failing to adequately investigate incidences of use of excessive force by Defendant City police officers;

  g. failing to adequately discipline officers who engage in misconduct;

  h. failing to train on the use of informants and/or minor informants; and

  i. failing to maintain proper procedures on the use of informants; and

  j. failing to maintain proper arrest procedures regarding minors.

## COUNT VII – CIVIL CONSPIRACY

  52. Plaintiff incorporates by reference paragraphs 1 through 51 of the Complaint as if fully set out herein.

  53. Defendant City, Defendant Chief, Defendant Officers, and others have, as a whole, failed and refused to provide Plaintiff with any facts, reports, information, etc. in an attempt to avoid litigation. They have failed to conduct an adequate investigation to conclusion in an attempt to conceal information regarding Minor N.S.'s death in the following manner: 1) the coroner has refused to release Minor N.S.'s autopsy report to Plaintiff despite the fact that it has been repeatedly requested over months since his death; 2) at the scene of the incident on June 13, 2013, Defendant Officer deliberately misled the Plaintiff as to the facts that caused the death of Minor N.S.; and 3) Defendants refuse to provide the Plaintiff with any facts or explanation regarding the death of Minor N.S. all in an effort to avoid litigation.

## COUNT VIII- SECTION 1988 WRONGFUL DEATH

54. Plaintiff incorporates by reference paragraphs 1 through 53 of the Complaint as if fully set out herein.

55. Defendant Officers, exercising their position of authority and acting under the color of state law in their capacity as public officials and representatives of the City of Huntsville and Huntsville Police Department, unlawfully caused the death of Minor N.S. when, 1) they forcefully threw Minor N.S. face down on the ground, handcuffed him and pepper sprayed him in the face; 2) got on top of him, shoved his knees into Minor N.S.'s back, further hindering his ability to breathe; 3) probed Minor N.S.'s throat with a sharp instrument as he was choking; and 4) broke his ribs, while he was in handcuffs.

56. As a result of Defendant Officers' actions, Minor N.S. was forced to be hospitalized for at least five (5) days, grievously injured, until he died on June 18, 2013.

## PRAYER FOR RELIEF

1. Plaintiff requests the following equitable relief:

   a. Order the Defendants, their officers, agents, and employees to refrain from engaging in any of the predicate actions forming the basis of the pattern and practice of conduct described in the foregoing.

   b. Order the Defendants, their officers, agents and employees to adopt and implement policies and procedures to remedy the pattern or practice of conduct described herein above including but not limited to:

      (1) policies regarding the use of informants;

        (2)      policies to insure thorough and competent investigations of excessive force allegations; and

        (3)      policies to insure adequate training regarding the use of informants;

        (3)      insure adequate training regarding proper procedures when using informants; and

        (4)      insure proper training for providing medically compromised suspects.

        (5)      insure proper investigation of death of minor resulting from police misconduct.

      c.      Order such other appropriate equitable relief as the interest of justice may require.

    2.      Grant Plaintiff compensatory and punitive damages.

    3.      Grant the equitable relief requested.

    4.      Award Plaintiff their costs and reasonable attorney fees.

    5.      Award such other and further relief as this Court may deem appropriate.

*Wendy Brooks Crew*
WENDY BROOKS CREW

The Law Firm of Wendy Crew
2001 Park Place N. Ste. 550
Birmingham, AL 35203
(205) 326-3555

*/s/ Alyson Hood Rains*
ALYSON HOOD RAINS

*/s/ Brett M Bloomston*
BRETT M. BLOOMSTON

*/s/ Joseph J. Basgier III.*
JOSEPH J. BASGIER III.

Bloomston Basgier
2151 Highland Avenue Ste. 310
Birmingham, AL 35205
(205) 212-9700

<u>PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL COUNTS</u>

<u>SERVE BY CERTIFIED MAIL</u>

Defendants' Address:
City of Huntsville
PO Box 2085
Huntsville, AL 35804

City of Huntsville
Chief of Police Lewis Morris
Officer Dewayne McCarver
Fictitious Officers A-D
7900 Bailey Cove Road
Huntsville, AL 35803