IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| NANCY SMITH, individually and as Administrator of the Estate of MINOR N.S., <br>     PLAINTIFF <br><br> v. <br><br> CITY OF HUNTSVILLE, as a person Under U.S.C. §1983; <br> CHIEF OF POLICE, LEWIS MORRIS; <br> LIEUTENANT LEE TRIMBLE; <br> OFFICER DEWAYNE MCCARVER; <br> DEPUTY CHIEF KIRK GILES; <br> SERGEANT GLEN EAVES; <br> AGENT TESLA HUGHES; <br> AGENT JOSEPH BLAKE DEAN; <br> INVESTIGATOR CHARLIE GRAY; <br> and, AGENT TERRY LUCAS, <br><br>     DEFENDANTS. | CASE NO.: 14-CV-555-AKK |

## AMENDED COMPLAINT

1. This is a civil rights action brought to vindicate Minor N.S.'s rights under the United States Constitution, the Alabama State Constitution, and under the statutory laws of the United States and Alabama.

2. This is an action for damages sustained by a citizen of the United States against the City of Huntsville, (hereinafter referred to as "Defendant City"), Chief of Police Lewis Morris for the City of Huntsville, (hereinafter referred to as "Defendant Chief"), Officer Dewayne McCarver (hereinafter referred to as

1

"Defendant McCarver"), Lieutenant Lee Trimble (hereinafter referred to as "Defendant Trimble"), Deputy Chief Kirk Giles (hereinafter referred to as "Defendant Giles"), Sergeant Glen Eaves (hereinafter referred to as "Defendant Eaves"), Agent Tesla Hughes (hereinafter referred to as "Defendant Hughes"), Agent Joseph Blake Dean (hereinafter referred to as "Defendant Dean"), Investigator Charlie Gray (hereinafter referred to as "Defendant Gray"), and Agent Terry Lucas (hereinafter referred to as "Defendant Lucas") for injuries sustained on June 13, 2013, when Defendant Officers used excessive force on Minor N.S. and physically assaulted him without provocation and not in pursuit of any legitimate governmental interest, resulting in the death of Minor N.S. on June 18, 2013.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, and 1343(a)(3), (4) to obtain redress for deprivation of rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. §§ 1983 and 1988.

4. The Plaintiff also invokes the supplemental jurisdiction of this Court for state law claims that arise from the same facts and circumstances under 28 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1393 (b), in that the events or occurrences giving rise to Plaintiff's claims occurred in the Northern District of Alabama, and pursuant to Alabama Code §§ 6-3-2 and 6-3-11 (1975).

## PARTIES

6. Plaintiff Nancy Smith, individually and as the Administrator of the Estate of Minor N.S., is a citizen of the United States, a citizen of the State of Alabama, and a resident of Madison County, Alabama.

7. N.S., deceased, (hereinafter referred to as "Minor N.S."), was a citizen of the United States, a citizen of the State of Alabama, and a resident of Madison County, Alabama. He was a minor under the age of nineteen (19) at the time of the physical assault which makes the basis of this complaint.

8. Defendant City of Huntsville is a municipal corporation within the State of Alabama.

9. Defendant Chief is the Chief of Police for the City of Huntsville Police Department and is responsible for training, supervising and disciplining officers in proper policies and procedures.

10. Defendant McCarver was an officer on duty for the City of Huntsville Police Department at the time of the incident which resulted in the death of Minor N.S.

11. Defendant Trimble was the Lieutenant in charge of the training of Huntsville Police Department officers at the Huntsville Police Academy in emergency medical care, arrest and control tactics, use of force and use of informants at the time of the incident which resulted in the death of minor N.S.

12. Defendant Giles was the Deputy Chief in charge of all training of Huntsville Police Department officers at the time of the incident which resulted in the death of minor N.S.

13. Defendant Eaves was the Sergeant responsible for roll call training of the Huntsville Police Department officers at the time of the incident which resulted in the death of minor N.S.

14. Defendant Hughes was one of the Huntsville Police Department Agents involved in the arrest of Minor N.S. at the time of the incident which resulted in the death of minor N.S.

15. Defendant Dean was one of the Huntsville Police Department Agents involved in the arrest and subsequent death of Minor N.S.

16. Defendant Gray was the Internal Affairs Investigator responsible for conducting an investigation into the arrest and subsequent death of Minor N.S. at the time of the incident which resulted in the death of minor N.S.

17. Defendant Lucas was one of the agents involved with the initial set-up between Minor N.S. and the confidential informant which led to the arrest and

subsequent death of Minor N.S. at the time of the incident which resulted in the death of minor N.S.

STATEMENT OF FACTS

18. On June 13, 2013, the Huntsville Police Department "set up" an unrelated third party Eighteen (18) year old male, (hereinafter referred to as "third party minor") to allegedly purchase a controlled substance from Minor N.S., a Seventeen (17) year-old male.

19. Upon information and belief, the Eighteen (18) year old male was a confidential informant for the Huntsville Police Department.

20. Defendants Dean, Lucas, and Hughes designed a plan in order to effectuate the arrest of Minor N.S. as a "takedown" when Minor N.S. exited his home. Defendants Dean, Lucas, and Hughes relayed the plan for the alleged "takedown"[1] with Defendant McCarver and Defendant McCarver approved with knowledge that all related parties were minors.

21. At approximately 11:20 a.m. on June 13, 2013, the unidentified third party minor arrived at or near the house of Minor N.S. Minor N.S.'s mother, Nancy Smith, had no knowledge that Defendants had arranged the "takedown" of her son

---

[1] Rather than "investigation," "search," or "arrest," the term "takedown" was used in internal documents by the Huntsville Police Department to describe the paramilitary operation targeting Minor N.S..

and that said "takedown" was to take place at or near Minor N.S.'s home. Upon information and belief, the parents of the unidentified third party minor also had no knowledge that Defendants had arranged said takedown.

22. As part of the "takedown", Defendants Chief and McCarver had Defendants Dean and Hughes, who were dressed as plain-clothes civilians, hiding around the area to takedown Minor N.S. when he left his residence.

23. As Minor N.S. was walking down the street on which his residence is located, Defendant Hughes grabbed Minor N.S. At no time did Defendant Hughes or Defendant Dean identify themselves as a police officers.

24. Minor N.S. began running from Defendant Hughes, who was unknown to Minor N.S., until he was forcefully taken down by Defendant Dean when he threw him to the ground and shoved his knee into Minor N.S.'s back. Both Defendants Dean and Hughes were on top of Minor N.S. as he lay on the ground facedown, unable to breathe. Minor N.S. was not armed and did not pose any threat to Defendants Hughes and Dean or to others.

25. After Minor N.S. was thrown face down on the ground, he began choking uncontrollably. Minor N.S. was unable to breathe for an extended period of time. However, Defendants Dean and Hughes failed and refused to call the paramedics upon realizing that Minor N.S. was choking.

26. Minor N.S. was lying on the ground, handcuffed and unable to move as a result of Defendants Dean and Hughes confining him beneath the weight of their bodies and being physically unable to breathe. While handcuffed, Defendant Dean was forcefully and unlawfully shoving his knees into Minor N.S.'s back, further hindering Minor N.S.'s ability to breathe. Minor N.S. was unable to move any part of his body. Although Minor N.S. continued to choke and lose consciousness, Defendants Dean and Hughes refused to remove his handcuffs or allow him to sit upright to attempt resume his breathing.

27. Minor N.S. was in handcuffs, lying motionless on the ground, when he began vomiting uncontrollably. However, Defendants Dean and Hughes still refused to remove Minor N.S.'s handcuffs or provide him any relief. In fact, when the Paramedics arrived, Minor N.S. was unconscious and had "turned blue."

28. Upon information and belief, Defendants Dean and Hughes told the responding Paramedics that Minor N.S. had overdosed causing him to be unable to breathe. Defendant Officers also told the Paramedics that they had attempted to retrieve an object from Minor N.S.'s mouth by using an ink pen. Defendant Hughes, without proper training or expertise, shoved two (2) ink pens into Minor N.S.'s throat while Defendant Dean sat on Minor N.S., forcefully executing an "upper body compression" to Minor N.S. as he lay face-down, unable to breathe. As Defendant Dean continued to execute an "upper body compression" on Minor N.S., Defendant

Hughes shoved the butt of a flashlight into Minor N.S.'s mouth further inhibiting Minor N.S.'s ability to breathe.

29. While handcuffing Minor N.S., Defendants Dean and Hughes used such excessive and unnecessary force that Minor N.S. suffered severe injuries to his body. However, upon information and belief, Defendant Officers failed to inform the responding Paramedics of Minor N.S.'s additional injuries, only that he allegedly "overdosed".

30. Minor N.S. was approximately Six (6) feet in height and weighed approximately One Hundred Thirty (130) Pounds at the time of the incident which resulted in his death.

31. When Minor N.S's family arrived at the scene, Defendant Hendrix communicated information to the family that Minor N.S. had been set up to sell drugs to an undercover police officer, and that Minor N.S. had been apprehended and was choking. His family was told that the situation was "under control." This was later shown to be untrue. They were told that "this type" of incident occurs frequently. Minor N.S.'s family was not permitted to approach the scene, and was told to remain at their home, but were denied entry to their home by Defendant McCarver and other officers. Minor N.S.'s family was not informed at the time that Minor N.S. had suffered from a cardiac arrest and was rendered unconscious.

32. After the paramedics unsuccessfully attempted to revive Minor N.S., he was then taken to the emergency room. According to the Huntsville Hospital medical records, he suffered a cardiac arrest while in the custody of the Defendants. In addition to Minor N.S.'s broken ribs and inability to breathe, he had numerous contusions all over his body. At no point prior to filing of the Complaint was there evidence that Minor N.S. had overdosed.

33. While Minor N.S. was in the Intensive Care Unit of the hospital, Mia Bruce, Department of the Internal Affairs Division, burst into the room, without the knowledge or consent of Minor N.S.'s family, and tore the sheets from Minor N.S's body to take photographs of his injuries. Minor N.S. was unconscious at the time. Officer E. Oaks was standing by the hospital door.

34. Minor N.S. was treated at Huntsville Hospital for Five (5) days before he died on June 18, 2013.

35. Although Minor N.S. has been deceased for almost Nine (9) months, the Coroner has refused to release his autopsy report to Minor N.S.'s mother as of the filing of this complaint.

36. At no time has a member of Defendant City's Department of Internal Affairs attempted to contact Minor N.S.'s mother or other family members as part of their, or any, investigation into the death of Minor N.S.. Upon information and belief,

Internal Affairs has not completed any Internal Affairs Investigation regarding the death of Minor N.S. or the excessive force used by Defendants Dean and Hughes.

### COUNT I SECTION 1983- FAILURE TO TRAIN, SUPERVISE, AND INVESTIGATE - DELIBERATE INDIFFERENCE

37. Plaintiff incorporates by reference paragraphs 1 through 48 of the Complaint as if fully set out herein.

38. Defendant City (Chief McCarver, Thimble, Giles, Eaves, and Gray) have created an atmosphere of tolerance regarding willful, wanton, and improper behavior of its officers by failing to train, supervise, and investigate City of Huntsville officers that has resulted in a reputation of excessive use of force and violent behavior in the community causing citizens to be fearful for their safety and well-being.

39. Their acts and omissions in failing to train, supervise, and investigate Defendant City's Officers was the result of Defendant City's deliberate indifference that has resulted in a widespread history of excessive force by Defendant City's Police Officers depriving persons of rights, privileges and immunities secured or protected by the U.S. Constitution, the laws of the United States and the Alabama Constitution. These systemic deficiencies include, but are not limited to:

a. failing to implement policies, procedures and practices regarding use of force that appropriately guide and monitor the actions of Huntsville Police Officers;

b. failing to supervise Huntsville Police Officers adequately to prevent the reoccurrence of the use of excessive force;

c. failing to give adequate emergency medical training to Huntsville Police Officers;

e. failing to train Huntsville Police Officers in the arrest and medical treatment of minors;

40. Defendant Chief was aware that its police officers, given the nature of their daily activities, are required to receive adequate training in the areas of excessive force, emergency medical training, use of informants, and proper procedure in the use of minors as informants. However, Defendant City failed to provide adequate training, if any at all, which resulted in the death of Minor N.S.

## COUNT II-SECTION 1983 FAILURE TO INTERVENE

41. Plaintiff incorporates Paragraph 1 through 40 of the as if fully set out herein.

42. Defendants Dean and Hughes engaged in use of excessive force on Minor N.S. when they individually and jointly handcuffed a choking Minor N.S. to the extent that he vomited but Defendant Dean and Hughes still failed and refused to provide Minor N.S. with any relief.

43. Defendants Dean and Hughes failed to attempt or prevent each other from using excessive force in violation of Minor N.S.'s constitutional rights.

44. Defendants Dean and Hughes were aware that the other was using excessive force on Minor N.S. and both Defendants had a realistic opportunity to intervene and prevent the injury to Minor N.S. from occurring but deliberately failed to intervene.

45. That as a result of Defendants' failure to intervene Minor N.S. suffered injury that ultimately resulted in his death.

## COUNT III - SECTION 1988 WRONGFUL DEATH UNDER ALABAMA WRONGFUL DEATH ACT

46. Plaintiff incorporates by reference paragraphs 1 through 53 of the Complaint as if fully set out herein.

47. Defendants Dean and Hughes, exercising their position of authority and acting under the color of state law in their capacity as public officials and representatives of the City of Huntsville and Huntsville Police Department, caused the death of Minor N.S. by using excessive force, under the Alabama Wrongful Death Act when, 1) they forcefully threw Minor N.S. face down on the ground, handcuffed him and pepper sprayed him in the face; 2) got on top of him, shoved his knees into Minor N.S.'s back, further hindering his ability to breathe; 3) probed

Minor N.S.'s throat with a sharp instrument as he was choking; and 4) broke his ribs, while he was in handcuffs.

48. As a result of Defendant Officers' actions, Minor N.S. was forced to be hospitalized for at least five (5) days, grievously injured, until he died on June 18, 2013.

## PRAYER FOR RELIEF

1. Plaintiff requests the following equitable relief:

    a. Order the Defendants, their officers, agents, and employees to refrain from engaging in any of the predicate actions forming the basis of the pattern and practice of conduct described in the foregoing.

    b. Order the Defendants, their officers, agents and employees to adopt and implement policies and procedures to remedy the pattern or practice of conduct described herein above including but not limited to:

    (1) policies regarding the use of informants;

    (2) policies to insure thorough and competent investigations of excessive force allegations; and

    (3) policies to insure adequate training regarding the use of informants;

    (3) insure adequate training regarding proper procedures when using informants; and

(4) insure proper training for providing medically compromised suspects.

(5) insure proper investigation of death of minor resulting from police misconduct.

c. Order such other appropriate equitable relief as the interest of justice may require.

2. Grant Plaintiff compensatory and punitive damages.

3. Grant the equitable relief requested.

4. Award Plaintiff their costs and reasonable attorney fees.

5. Award such other and further relief as this Court may deem appropriate.

*s/Wendy Brooks Crew*
WENDY BROOKS CREW

The Law Firm of Wendy Crew
2001 Park Place N. Ste. 550
Birmingham, AL 35203
(205) 326-3555

*/s/ Alyson Hood Rains*
ALYSON HOOD RAINS

*/s/ Brett M Bloomston*
BRETT M. BLOOMSTON

*/s/ Joseph J. Basgier III.*
JOSEPH J. BASGIER III

Bloomston Basgier
2151 Highland Avenue Ste. 310
Birmingham, AL 35205
(205) 212-9700

PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL COUNTS

SERVE BY CERTIFIED MAIL

Defendants' Address:

Lieutenant Lee Trimble
Deputy Chief Kirk Giles
Sergeant Glen Eaves
Agent Joseph Blake Dean
Agent Tesla Hughes
Investigator Charles Gray
Agent Terry Lucas
7900 Bailey Cove Road
Huntsville, AL 35803