FILED
2015 Mar-03 AM 09:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| NANCY SMITH,           )<br>    PLAINTIFF       )<br>                      )<br>v.                    )<br>                      )<br>CITY OF HUNTSVILLE, *et al.*  )<br>    DEFENDANTS.      ) | CASE NO.: 14-555 AKK |

### **PLAINTIFF'S MOTION TO COMPEL (OPPOSED)**

COMES NOW the Plaintiff in the above styled cause, and respectfully requests this Honorable Court compel Defendant City of Huntsville (hereinafter "City") to produce the documents responsive to the Plaintiff's Request for Production and as grounds therefore, movant would show as follows:

1.    That Plaintiff sent a Request for Production of Documents to Defendant City on October 13, 2014. (See Exhibit "A").

2.    That said requested documents are critical to adequately prepare for the Defendants' depositions, as well as to prepare for the litigation of this case.

3.    That on November 12, 2014 Defendant provided Responses and Objections to Plaintiff's Request for Production. Defendants' Responses and Objections to Plaintiff's Request for Production appear to be canned and outside the scope of any legal objections acceptable under the Federal Rules of Civil Procedure, asserting a multitude of objections to each and every request such as "vague, overly broad, unspecific, unduly burdensome or expensive, harassing, and/or unreasonably

cumulative or duplicative;" "irrelevant and immaterial to the issues in this lawsuit, would not be admissible at trial, and is not reasonably calculated to lead to the discovery of admissible evidence;" "the disclosure of information constituting the mental impressions, conclusions, opinions, or theories of an attorney or other representative of a party and/or prepared in anticipation of litigation or trial;" "discovery requests that require it to prepare plaintiff's case and/or determine for plaintiff what information or documents are relevant to, or are supportive or contradictory of, plaintiff's own claims and allegations; as such, these discovery requests are not a proper method of discovery;" "requests that are unreasonably compound, disjunctive, or conjunctive;" "requests where they employ terms that have not been properly defined and are subject to numerous meanings and constructions;" "requests that impose obligations which are inconsistent with, or in addition to, those imposed by the Federal Rules of Civil Procedure and/or any order of the Court;" "enforcement investigatory privilege;" "the self-critical analysis privilege;" "the deliberate process privilege;" "the official information privilege." (See Exhibit "B").

4. That on November 20, 2014, Plaintiff sent correspondence regarding the documents requested in Plaintiff's Request for Production that were not provided in an attempt to resolve any discovery disputes and/or objections asserted by Defendant City of Huntsville. (See Exhibit "C").

5. That on November 25, 2014 Defendant City of Huntsville responded to Plaintiff's previous correspondence maintaining a majority of the objections as described above. (See Exhibit "D").

6. That on December 2, 2014 Plaintiff again attempted to further resolve Plaintiff's outstanding discovery requests by narrowing some of her requests and further clarifying some of the terms Defendant City objected to for vagueness. (See Exhibit "E").

7. That on December 3, 2014, counsel for the parties temporarily agreed to the production of some documents and agreed to assert any remaining issues in a Motion to Compel. (See Exhibit "F").

8. That on January 30, 2015 Defendants produced the documents discussed in Plaintiff's e-mail correspondence of December 3, 2014.

9. That on February 23, 2015 counsel for the Defendant sent correspondence to the undersigned maintaining their objections on eight (8) requests and only producing "non-objectionable materials" to the Plaintiff responsive to ten (10) additional requests. Additionally, Defendants' counsel states, four (4) months after the request, that they must "confer with our client and determine whether there are any additional materials responsive to your request…" (See Exhibit "G").

10. That at the time of the filing of this Motion, the following requests are outstanding:

**REQUEST NUMBER 7:** Any and all records, reports, documents, or other writings relating to injuries sustained by any civilian during or as a result of an arrest conducted by any City of Huntsville Police Department Officer or other employee employed by the Huntsville Police Department.

**RESPONSE:** In addition to other general objections, the COH objects to this request to the extent it seeks documents or things which are protected from disclosure by the law enforcement investigatory privilege, the official information privilege and/or section 12-21-3.1 of the <u>Alabama Code</u>, including records and materials relating to or generated in connection with administrative investigations by the Internal Affairs Division of the Huntsville Police Department (*e.g.* complaints, witness statements, reports of investigations, and findings or results of such investigations). The COH objects to this request to the extent it seeks disclosure of arrest records of individuals not involved in this lawsuit because the disclosure of same carries the potential for invasion of privacy.

**REQUEST NUMBER 8:** Any and all records, reports, documents, investigations, findings, disciplinary actions, other investigatory information, or other writing or recordings relating to the use of minors as informants for the five (5) years preceding the incident on June 13, 2013.

**RESPONSE:** In addition to other general objections, The COH objects to this request to the extent it seeks documents or things which are protected from disclosure by the law enforcement investigatory privilege, the official information privilege and/or section 12-21-3.1 of the <u>Alabama Code</u>, including records and materials relating to or generated in connection with administrative investigations by the Internal Affairs Division of the Huntsville Police Department (*e.g.* complaints, witness statements, reports of investigations, and findings or results of such investigations). The COH objects to this request to the extent it seeks disclosure of arrest records of individuals not involved in this lawsuit because the disclosure of same carries the potential for invasion of privacy.

Without waiving the foregoing objections, and reserving the right to supplement this response upon further discovery, the COH states that it will produce all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request at the office of F&B Law Firm.

**REQUEST NUMBER 12:** Any recording, by audiotape or videotape, of any and all Internal Affairs Department statements, including but not limited to, written

transcripts and taped recordings touching in any way the incident on June 13, 2013 with Minor N.S.

**RESPONSE:** The COH objects to this request to the extent that it is overly broad, unduly burdensome or expensive, and seeks information in excessive detail. The COH objects to this request to the extent it seeks documents or things which are protected from disclosure by the law enforcement investigatory privilege, the self-critical analysis privilege, the deliberate process privilege, the official information privilege, and/or section 12-21-3.1 of the <u>Alabama Code</u>, including records and materials relating to or generated in connection with administrative investigations by the Internal Affairs Division of the Huntsville Police Department.

**REQUEST 14:** Any and all reports, complaints, investigations, statements, findings, or claims made against officers of the Huntsville Police Department for excessive force filed for the five (5) years preceding June 13, 2013.

**RESPONSE:** In addition to other general objections, the COH objects to this request to the extent it seeks documents or things which are protected from disclosure by the law enforcement investigatory privilege, the official information privilege and/or section 12-21-3.1 of the <u>Alabama Code</u>, including records and materials relating to or generated in connection with administrative investigations by the Internal Affairs Division of the Huntsville Police Department (*e.g.* complaints, witness statements, reports of investigations, and findings or results of such investigations). The COH objects to this request to the extent it seeks disclosure of arrest records of individuals not involved in this lawsuit because the disclosure of same carries the potential for invasion of privacy.

**REQUEST NUMBER 17:** Any and all "Notice of Claims" filed by citizens alleging excessive use of force by a Birmingham Police Office filed with the City of Birmingham for the five (5) years preceding the date of the incident on June 13, 2013.

**RESPONSE:** In addition to the above mentioned objections … the COH states that it does not have any materials in its custody, possession, or control currently belonging to the Birmingham Police Department or the City of Birmingham.

**REQUEST NUMBER 18:** The complete City of Huntsville Police Department Rules and Regulations/Policies and Procedures Manual and/or procedure in effect on June 13, 2013.

**RESPONSE: In addition to the above mentioned objections… Without waiving the foregoing objections, and reserving the right to supplement this response upon further discovery, the COH states that it will produce all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request at the office of F&B Law Firm.**

**REQUEST NUMBER 20: Any and all records, reports, documents, writings, statements or recordings surrounding the initiation of any investigation leading up to the arrest of Minor N.S. on June 13, 2013.**
**RESPONSE: In addition to the above mentioned objections… Without waiving the foregoing objections, and reserving the right to supplement this response upon further discovery, the COH states that it will produce all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request at the office of F&B Law Firm.**

11. That although Defendant's Responses to Plaintiff's Requests 8, 18, and 20 state that said documents will be produced, said documents have not been produced after several attempts to obtain same at the time of the filing of this Motion.

12. That as stated in Plaintiff's letter of December 12, 2014, Plaintiff clarified her request Number 17 stating there was a clerical error in asserting City of Birmingham as opposed to City of Huntsville; however, said document request as it pertains to the City of Huntsville have not yet been produced at the time of the filing of this Motion.

13. That Rule 26(b) states "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any

discoverable matter…Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

14.   That the Plaintiff has alleged in Counts II (use of force) and VI (failure to train and supervise, deliberate indifference) of her Amended Complaint that there was a failure to train and supervise and that the policy and procedure of Defendant City in regard to investigating allegations of excessive force, use of informants, and the providing of adequate medical care are inadequate. Items requested in Plaintiff's Request No(s). 7, 8, 12, 14, 17, 18 and 20 establish practices and patterns for the City and are necessary to support Plaintiff's claims against the City.

a) To prove a failure to train claim, Plaintiff must show that (1) the failure to train amounts to deliberate indifference to the rights of the person with whom the subordinate comes into contact and (2) the failure has actually caused the plaintiff's injury. *Greason v. Kemp,* 891 F.2d 829, 837 (11th Cir. 1990). Failure to train can amount to deliberate indifference when the need for more or different training is clear, such as when the failure to train is likely the violation of a constitutional right. *Belcher v. City of Foley, Ala.,* 30 F.3d 1390, 1397-98 (11th Cir. 1994) citing *Canton v. Harris,* 489 U.S. 378, 390 (1989).  In order to meet this burden for a failure to train claim, Plaintiff requires the production of the aforementioned documents by Defendant.

b) To prove a failure to supervise claim, Plaintiff must show that the supervisor (1) personally participated in the alleged unconstitutional conduct or (2) there was a causal connection between the acts of the supervisor and the plaintiff's constitutional injury. *Cotton v. Jenne*, 326 F.3d 1352, 1360-1361 (11th Cir. 2003); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). If the supervisor is put on notice of the need to correct the constitutional deprivation by a "history of widespread abuse," and the supervisor fails to do so, there is a causal connection between the supervisor's acts and the plaintiff's injury. *Braddy v. Fla. Dept. of Labor & Employment,* 133 F.3d 797, 902 (11th Cir. 1998); *Brown*, 906 F.2d at 671. In order to meet his burden for a failure to supervise claim, Plaintiff requires the production of the aforementioned documents by Defendant.

c) Plaintiff pleads that the policy and procedure of Defendant city in regard to investigating allegations of excessive force, use of informants, and the providing of medical care are inadequate. In order to meet that burden, Plaintiff requested documents to provide to this Court, as required by *City of Canton v. Harris*, 489 U.S. 378 (1989), the pattern and practice of the City of Huntsville in the areas of excessive force, use of informants and adequate medical care.

15. That the Plaintiff is also required by *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) to show deliberate indifference regarding excessive force, failure to supervise and inadequate training. If the supervisor is put on notice of the

need to correct the plaintiff's constitutional deprivation by a "history of widespread abuse," and the supervisor fails to do so, there is a causal connection between the supervisor's acts and the plaintiff's injury. *Braddy v. Fla. Dept. of Labor & Employment,* 133 F.3d 797, 902 (11th Cir. 1998); *Brown*, 906 F.2d at 671. In order to meet said burden, the Plaintiff must have the documentation to show that the City was on notice that its Officers used excessive force on prior occasions but the City failed to take any corrective action. If the City had adequately investigated allegations of excessive force against their Officers, then the City could have and should have, initiated additional training or at the least held the Officers accountable for their actions that were in violation of policy and procedure.  Plaintiff specifically requests that items in Request Number 14 and Request Number 17 be produced as such documentation establish the City's patterns and practices for investigating use of force claim(s) and are necessary to support Plaintiff's claims against Defendant City.

As an alternative to proving notice, when the custom or policy of the supervisor results in deliberate indifference to constitutional rights, or when the facts support the inference that the supervisor either directed subordinates to act unlawfully, or failed to stop subordinates from acting unlawfully when the supervisor had knowledge subordinates would do so, the causal connection between the supervisor's acts and the plaintiff's injury is established. *Rivas v. Freeman,* 940 F.2d 1491, 1495 (11th Cir. 1991). Plaintiff has a right to establish a pattern of systemic

failure by whatever means it can, whether it be through adequate or inadequate documentation of prior incidences and allegations of use of force, use of informants and providing adequate medical care. Further, said requested documents <u>should</u> also reflect whether or not medical care was provided and/or whether emergency vehicles were called to provide medical care and what care Huntsville Police Officers provided in prior substantially similar situations. Plaintiff requests items in Request No. 7 in order to help determine the City's policies for providing medical care for to injuries sustained during an arrest or, if no such policies exist, the complete City of Huntsville Police Department Rules and Regulations/Policies and Procedures Manual which were in effect in June 2013 as requested in Request No. 18.

16.   That the documents pertaining to "Notice of Claims" filed by citizens alleging use of force are highly relevant and discoverable because it proves that the City of Huntsville was on notice that citizens were claiming the Huntsville Police Officers were using excessive or unnecessary force in effectuating arrests. As stated above in the *Braddy* standard, if Defendant is put on notice of the need to correct behavior that constitutionally deprives Plaintiff by a "history of widespread abuse," and Defendant fails to do so, there is a causal connection between Defendant's acts and Plaintiff's injury. *Braddy v. Fla. Dept. of Labor & Employment,* 133 F.3d 797, 902 (11th Cir. 1998); *Brown*, 906 F.2d at 671. Plaintiff requires documents pertaining to said "Notice of Claims", as requested in Request No. 17, to show this Court that

Defendant City is deliberately indifferent to the constitutional rights of Huntsville citizens by having actual knowledge of said allegations but deliberately failing and refusing to investigate claims or take appropriate remedial actions to prevent further misconduct.

17. That documents pertaining to Internal Affairs Department investigations, complaints and determinations alleging excessive force for the five (5) years prior to the incident with Minor N.S. are highly relevant and discoverable in order for the Plaintiff to show a history of misconduct. When a custom or policy of a supervisor results in deliberate indifference to constitutional rights, the causal link between the supervisor's acts and the plaintiff's injury is established. *Rivas v. Freeman* 940 F.2d 1491, 1495 (11th Cir. 1991). In order for the Plaintiff to show the Court "deliberate indifference" on behalf of the Defendant, the Plaintiff has a right to establish a pattern of systemic failure by whatever means they can, whether it be through adequate or inadequate documentation of prior incidences and allegations of use of force. Plaintiff's Requests No. 14 and 17 request documents from the City that are relevant and necessary for supporting Plaintiff's claims against the Defendant City.

18. Documents regarding the use of minors as informants are relevant and should be produced. As stated in the Amended Complaint Numbers 15, 16 and 17, the Huntsville Police Department "set up" an unrelated third party minor (an

eighteen (18) year old male) to purchase a controlled substance from Minor N.S. Because of the use of a minor as an informant in these set of facts, Defendants should be compelled to produce documents as requested in Plaintiff's Request No. 8 regarding the Huntsville Police Department's practice of using minors as informants. Further, Plaintiff's Request No. 20 requests production of documents regarding the investigation of Minor N.S., including documents relating to the use of a minor informant in the arrest of Minor N.S., which are obviously relevant and necessary to the case.

19. That Plaintiff requested only highly relevant documents that fit within the confines of FRCP Rule 26 in order to satisfy the burden required to show "deliberate indifference" by Defendant City such as: **"Any and all 'Notice of Claims' filed by citizens alleging excessive use of force by a Huntsville Police Officer with the City of Huntsville for the five (5) years preceding the date of the incident;" "the complete City of Huntsville Police Department Rules and Regulations/Policies and Procedures Manual and/or procedure in effect on June 13, 2013;" "Any and all records, reports, documents, writings, statements or recordings surrounding the initiation of any investigation leading up to the arrest of Minor N.S. on June 13, 2013;" "Any and all reports, complaints, investigations, statements, findings, or claims made against officers of the Huntsville Police Department for excessive force filed for the five (5) years**

**preceding June 13, 2013;" "Any recording, by audiotape or videotape, of any and all Internal Affairs Department statements, including but not limited to, written transcripts and taped recordings touching in any way the incident on June 13, 2013 with Minor N.S;" "Any and all records, reports, documents, investigations, findings, disciplinary actions, other investigatory information, or other writing or recordings relating to the use of minors as informants for the five (5) years preceding the incident on June 13, 2013;" and "Any and all records, reports, documents, or other writings relating to injuries sustained by any civilian during or as a result of an arrest conducted by any City of Huntsville Police Department Officer or other employee employed by the Huntsville Police Department."**

20.   Any confidential or private information of Defendants contained within the Plaintiff's requested discovery will remain undisclosed. Defendants may redact any such information in accordance with the Court's redaction policy, thus complying with Plaintiff's discovery requests while protecting confidential or private information.

21.   It is in the best interest of justice that this Court order the Defendants to immediately produce said requested documents forthwith such that the Plaintiff may begin conducting depositions and preparing for the litigation of this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court direct Defendant City to produce said documents within a certain time, extend the discovery deadline for the Plaintiff to complete her discovery, and grant any and all such further relief this Court deems appropriate.

        */s/ Wendy Brooks Crew*
        WENDY BROOKS CREW

CREW GENTLE LAW, P.C.
2001 Park Place North, Suite 550
Birmingham, Alabama 35203
205-326-3555

        */s/ Brett M. Bloomston*
        BRETT M. BLOOMSTON

        */s/ Alyson Hood Rains*
        ALYSON HOOD RAINS

THE BLOOMSTON FIRM
2151 Highland Avenue, Suite 310
Birmingham, Alabama 35203
205-212-9700

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the 3rd day of March, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record in this case.

Allen L. Anderson  
Allison B. Chandler  
F&B LAW FIRM, P.C.  
213 Greene Street  
Huntsville, Alabama 35801

                                                  */s/ Alyson Hood Rains*  
                                                    Of Counsel