FILED
2015 Mar-03  AM 09:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

NANCY SMITH,                                )
                                            )
     Plaintiff,                            )
                                            )
v.                                          )    Civil Action Number:  5:14-cv-555-AKK
                                            )
CITY OF HUNTSVILLE, *et al.*,               )
                                            )
     Defendants.                           )

## RESPONSES OF DEFENDANT CITY OF HUNTSVILLE, ALABAMA, TO FIRST REQUEST FOR PRODUCTION BY PLAINTIFF

Pursuant to rule 34 of the Federal Rules of Civil Procedure, defendant City of Huntsville, Alabama ("COH"), responds to plaintiff Nancy Smith's first request for production in this case:

## I.   GENERAL OBJECTIONS

1.     The COH objects to any and all discovery requests to the extent that they are vague, overly broad, unspecific, unduly burdensome or expensive, harassing, and/or unreasonably cumulative or duplicative.

2.     The COH objects to any and all discovery requests to the extent that the information sought (a) is irrelevant and immaterial to the issues in this lawsuit; (b) would not be admissible at trial; and (c) is not reasonably calculated to lead to the discovery of admissible evidence.

3.      The COH objects to any and all discovery requests to the extent that they seek, or may be construed to seek, information protected from discovery by any privilege, including the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

4.      The COH objects to any and all discovery requests to the extent that they seek, or may be construed to seek, confidential, financial, and/or proprietary business information or documents.  Such information or documents determined to be relevant will be made available only upon the entry of an appropriate protective order limiting the disclosure and use of same and requiring the return of all documents or destruction of same at the conclusion of this litigation.

5.      The COH objects to any and all discovery requests to the extent that they seek, or may be construed to seek, the disclosure of information constituting the mental impressions, conclusions, opinions, or theories of an attorney or other representative of a party and/or prepared in anticipation of litigation or trial.

6.      The COH objects to any and all discovery requests to the extent that they seek, or may be construed to seek, the identification of documents which are part of the public domain, or the disclosure of information which is a part of the public domain, because such documents and information are equally available to plaintiff.

7.     The COH objects to any and all discovery requests to the extent that they require it to prepare plaintiff's case and/or determine for plaintiff what information or documents are relevant to, or are supportive or contradictory of, plaintiff's own claims and allegations; as such, these discovery requests are not a proper method of discovery.

8.     The COH objects to any and all discovery requests to the extent that they are not reasonably limited in time and/or scope.

9.     The COH objects to any and all discovery requests to the extent that they are unreasonably compound, disjunctive, or conjunctive.

10.    The COH objects to any and all discovery requests to the extent that they are vague and ambiguous, and where they employ terms that have not been properly defined and are subject to numerous meanings and constructions.

11.    The COH objects to any and all discovery requests to the extent that they seek to impose obligations which are inconsistent with, or in addition to, those imposed by the <u>Federal Rules of Civil Procedure</u> and/or any order of the Court.

12.    The COH reserves the right to object to the admissibility of any information or documents identified or provided to plaintiff as part of any discovery request on grounds of materiality, relevancy, competency, authenticity, privilege, or on the basis of any other applicable evidentiary principle.

These "general objections" are applicable to and incorporated by reference into each of the COH's responses, *infra*, as if fully and specifically stated therein. The stating of specific objections to a particular request shall not be construed as a waiver of the COH's "general objections." Unless otherwise specifically stated, the COH's objections to each particular discovery request apply to the entire request, including each and every subsection and/or subpart of the request.

## II.   SPECIFIC OBJECTIONS AND RESPONSES

### Request for Production Number 1:

The COH objects to this request to the extent it is not reasonably limited as to time and scope.  The COH objects to this request to the extent it is overly broad, unduly burdensome or expensive, and seeks information in excessive detail.  The COH objects to this request to the extent it is vague and ambiguous.  The COH objects to this request to the extent the information sought (a) is irrelevant and immaterial to the issues in this lawsuit, and (b) is not reasonably calculated to lead to the discovery of admissible evidence.  The COH objects to this request to the extent it seeks documents or things which are protected from disclosure by the law enforcement investigatory privilege, the self-critical analysis privilege, the deliberative process privilege, the official information privilege, and/or section 12-21-3.1 of the Alabama Code, including records and materials relating to or generated in connection with administrative investigations by the Internal Affairs

Division of the Huntsville Police Department (*e.g.*, complaints, witness statements, reports of investigations, and findings or results of such investigations).

**Request for Production Number 2:**

The COH objects to this request to the extent it is not reasonably limited as to time and scope. The COH objects to this request to the extent it is overly broad, unduly burdensome or expensive, and seeks information in excessive detail. The COH objects to this request to the extent it is vague and ambiguous. The COH objects to this request to the extent the information sought (a) is irrelevant and immaterial to the issues in this lawsuit, and (b) is not reasonably calculated to lead to the discovery of admissible evidence. The COH objects to this request to the extent it seeks documents or things which are protected from disclosure by the law enforcement investigatory privilege, the self-critical analysis privilege, the deliberative process privilege, the official information privilege, and/or section 12-21-3.1 of the Alabama Code, including records and materials relating to or generated in connection with administrative investigations by the Internal Affairs Division of the Huntsville Police Department (*e.g.*, complaints, witness statements, reports of investigations, and findings or results of such investigations). The COH objects to this request to the extent it seeks personnel records beyond those maintained by its Human Resources Department on grounds that such records are

5

personal and confidential, and the disclosure of same carries the potential for invasion of privacy and thwarting legitimate government objectives.

**Request for Production Number 3:**

The COH objects to this request to the extent it is overly broad, unduly burdensome or expensive, and seeks information in excessive detail. The COH objects to this request to the extent it is vague and ambiguous. The COH objects to this request to the extent it seeks documents or things which are protected from disclosure by the law enforcement investigatory privilege, the self-critical analysis privilege, the deliberative process privilege, the official information privilege, and/or section 12-21-3.1 of the Alabama Code, including records and materials relating to or generated in connection with administrative investigations by the Internal Affairs Division of the Huntsville Police Department (*e.g.*, complaints, witness statements, reports of investigations, and findings or results of such investigations).

Without waiving the foregoing objections, and reserving the right to supplement this response upon further discovery, the COH states that it will produce all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request at the offices of F&B LAW FIRM, P.C., 213 Greene Street, Huntsville, Alabama 35801, at a time that is mutually convenient for the parties and their counsel.

**Request for Production Number 4:**

The COH objects to this request to the extent it is overly broad, unduly burdensome or expensive, and seeks information in excessive detail. The COH objects to this request to the extent it is vague and ambiguous. The COH objects to this request to the extent it seeks documents or things which are protected from disclosure by the law enforcement investigatory privilege, the self-critical analysis privilege, the deliberative process privilege, the official information privilege, and/or section 12-21-3.1 of the <u>Alabama Code</u>, including records and materials relating to or generated in connection with administrative investigations by the Internal Affairs Division of the Huntsville Police Department (*e.g.*, complaints, witness statements, reports of investigations, and findings or results of such investigations).

Without waiving the foregoing objections, and reserving the right to supplement this response upon further discovery, the COH states that it will produce all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request at the offices of F&B LAW FIRM, P.C., 213 Greene Street, Huntsville, Alabama 35801, at a time that is mutually convenient for the parties and their counsel.

**Request for Production Number 5:**

The COH objects to this request to the extent it is not reasonably limited as to time and scope.  The COH objects to this request to the extent it is overly broad, unduly burdensome or expensive, and seeks information in excessive detail.  The COH objects to this request to the extent it is vague and ambiguous.  The COH objects to this request to the extent it uses the term "snitch sheets," which is not defined by plaintiff, on the ground that it is confusing, vague, and/or ambiguous, and, therefore, devoid of meaning.  The COH objects to this request to the extent the information sought (a) is irrelevant and immaterial to the issues in this lawsuit, and (b) is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, and reserving the right to supplement this response upon further discovery, the COH states that it will produce all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request at the offices of F&B Law Firm, P.C., 213 Greene Street, Huntsville, Alabama 35801, at a time that is mutually convenient for the parties and their counsel.

**Request for Production Number 6:**

The COH objects to this request to the extent it is not reasonably limited as to time and scope.  The COH objects to this request to the extent it is overly broad,

unduly burdensome or expensive, and seeks information in excessive detail. The COH objects to this request to the extent it is vague and ambiguous. The COH objects to this request to the extent it uses the term "Field Logs," which is not defined by plaintiff, on the ground that it is confusing, vague, and/or ambiguous, and, therefore, devoid of meaning. The COH objects to this request to the extent the information sought (a) is irrelevant and immaterial to the issues in this lawsuit, and (b) is not reasonably calculated to lead to the discovery of admissible evidence. The COH objects to this request to the extent it is unreasonably cumulative and duplicative of other requests for production. The COH objects to this request to the extent it requests the COH to respond on behalf of any co-defendant, or any individual or legal entity other than itself on the ground that such a request exceeds the scope of permissible discovery authorized by the Federal Rules of Civil Procedure. The COH objects to this request to the extent it seeks documents or things which are protected from disclosure by the law enforcement investigatory privilege, the self-critical analysis privilege, the deliberative process privilege, the official information privilege, and/or section 12-21-3.1 of the Alabama Code, including records and materials relating to or generated in connection with administrative investigations by the Internal Affairs Division of the Huntsville Police Department (*e.g.*, complaints, witness statements, reports of investigations, and findings or results of such investigations). The COH objects to

this request to the extent it seeks production of information or documents in more than one form.

Without waiving the foregoing objections, and reserving the right to supplement this response upon further discovery, the COH states that it will produce all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request at the offices of F&B Law Firm, P.C., 213 Greene Street, Huntsville, Alabama 35801, at a time that is mutually convenient for the parties and their counsel.

**Request for Production Number 7:**

The COH objects to this request to the extent it is not reasonably limited as to time and scope.  The COH objects to this request to the extent it is overly broad, unduly burdensome or expensive, and seeks information in excessive detail.  The COH objects to this request to the extent the information sought (a) is irrelevant and immaterial to the issues in this lawsuit, and (b) is not reasonably calculated to lead to the discovery of admissible evidence.  The COH objects to this request to the extent it seeks documents or things which are protected from disclosure by the law enforcement investigatory privilege, the self-critical analysis privilege, the deliberative process privilege, the official information privilege, and/or section 12-21-3.1 of the Alabama Code, including records and materials relating to or generated in connection with administrative investigations by the Internal Affairs

Division of the Huntsville Police Department (*e.g.*, complaints, witness statements, reports of investigations, and findings or results of such investigations). The COH objects to this request to the extent it seeks the disclosure of arrest records of individuals not involved in this lawsuit because the disclosure of same carries the potential for invasion of privacy.

**Request for Production Number 8:**

The COH objects to this request to the extent it is overly broad, unduly burdensome or expensive, and seeks information in excessive detail. The COH objects to this request to the extent it is vague and ambiguous. The COH objects to this request to the extent the information sought (a) is irrelevant and immaterial to the issues in this lawsuit, and (b) is not reasonably calculated to lead to the discovery of admissible evidence. The COH objects to this request to the extent it seeks documents which are protected from disclosure by the law enforcement investigatory privilege, the self-critical analysis privilege, the deliberative process privilege, and/or the official information privilege. The COH objects to this request to the extent it seeks the disclosure of arrest records of individuals not involved in this lawsuit because the disclosure of same carries the potential for invasion of privacy.

Without waiving the foregoing objections, and reserving the right to supplement this response upon further discovery, the COH states that it will

produce all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request at the offices of F&B LAW FIRM, P.C., 213 Greene Street, Huntsville, Alabama 35801, at a time that is mutually convenient for the parties and their counsel.

**Request for Production Number 9:**

The COH objects to this request to the extent it is not reasonably limited as to time and scope. The COH objects to this request to the extent it is overly broad, unduly burdensome or expensive, and seeks information in excessive detail. The COH objects to this request to the extent it uses the term "roll call desk book," which is not defined by plaintiff, on the ground that it is confusing, vague, and/or ambiguous, and, therefore, devoid of meaning. The COH objects to this request to the extent it seeks documents which are protected from disclosure by the law enforcement investigatory privilege, the self-critical analysis privilege, the deliberative process privilege, and/or the official information privilege.

**Request for Production Number 10:**

The COH objects to this request to the extent it is overly broad, unduly burdensome or expensive, and seeks information in excessive detail. The COH objects to this request to the extent the information sought (a) is irrelevant and immaterial to the issues in this lawsuit, and (b) is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, and reserving the right to supplement this response upon further discovery, the COH states that, after a diligent and good faith search, it was unable to locate any materials in its custody, possession, or control that are reasonably responsive to this request.

**Request for Production Number 11:**

The COH objects to this request to the extent it is overly broad, unduly burdensome or expensive, and seeks information in excessive detail. The COH objects to this request to the extent it is vague and ambiguous. The COH objects to this request to the extent it seeks production of information or documents in more than one form.

Without waiving the foregoing objections, and reserving the right to supplement this response upon further discovery, the COH states that it will produce all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request at the offices of F&B LAW FIRM, P.C., 213 Greene Street, Huntsville, Alabama 35801, at a time that is mutually convenient for the parties and their counsel.

**Request for Production Number 12:**

The COH objects to this request to the extent it is overly broad, unduly burdensome or expensive, and seeks information in excessive detail. The COH objects to this request to the extent it seeks documents or things which are

protected from disclosure by the law enforcement investigatory privilege, the self-critical analysis privilege, the deliberative process privilege, the official information privilege, and/or section 12-21-3.1 of the <u>Alabama Code</u>, including records and materials relating to or generated in connection with administrative investigations by the Internal Affairs Division of the Huntsville Police Department (*e.g.*, complaints, witness statements, reports of investigations, and findings or results of such investigations).

**Request for Production Number 13:**

The COH objects to this request to the extent it is overly broad, unduly burdensome or expensive, and seeks information in excessive detail. The COH objects to this request to the extent it requests the COH to respond on behalf of any co-defendant, or any individual or legal entity other than itself on the ground that such a request exceeds the scope of permissible discovery authorized by the <u>Federal Rules of Civil Procedure</u>. The COH objects to this request to the extent it seeks documents which are protected from disclosure by the law enforcement investigatory privilege, the self-critical analysis privilege, the deliberative process privilege, and/or the official information privilege.

Without waiving the foregoing objections, and reserving the right to supplement this response upon further discovery, the COH states that it does not

have any materials in its custody, possession, or control currently belonging to the Birmingham Police Department.

**Request for Production Number 14:**

The COH objects to this request to the extent it is not reasonably limited as to time and scope. The COH objects to this request to the extent it is overly broad, unduly burdensome or expensive, and seeks information in excessive detail. The COH objects to this request to the extent the information sought (a) is irrelevant and immaterial to the issues in this lawsuit, and (b) is not reasonably calculated to lead to the discovery of admissible evidence. The COH objects to this request to the extent it seeks documents or things which are protected from disclosure by the law enforcement investigatory privilege, the self-critical analysis privilege, the deliberative process privilege, the official information privilege, and/or section 12-21-3.1 of the Alabama Code, including records and materials relating to or generated in connection with administrative investigations by the Internal Affairs Division of the Huntsville Police Department (*e.g.*, complaints, witness statements, reports of investigations, and findings or results of such investigations). The COH objects to this request to the extent it seeks the disclosure of arrest records of individuals not involved in this lawsuit because the disclosure of same carries the potential for invasion of privacy.

**Request for Production Number 15:**

The COH objects to this request to the extent it is not reasonably limited as to time and scope. The COH objects to this request to the extent it is overly broad, unduly burdensome or expensive, and seeks information in excessive detail. The COH objects to this request to the extent it is vague and ambiguous. The COH objects to this request to the extent it uses the term "certification documents," which is not defined by plaintiff, on the ground that such is confusing, vague, and/or ambiguous, and, therefore, devoid of meaning. The COH objects to this request to the extent the information sought (a) is irrelevant and immaterial to the issues in this lawsuit, and (b) is not reasonably calculated to lead to the discovery of admissible evidence. The COH objects to this request to the extent it is unreasonably cumulative and duplicative of other requests for production. The COH objects to this request to the extent it seeks documents or things which are protected from disclosure by the law enforcement investigatory privilege, the self-critical analysis privilege, the deliberative process privilege, the official information privilege, and/or section 12-21-3.1 of the Alabama Code, including records and materials relating to or generated in connection with administrative investigations by the Internal Affairs Division of the Huntsville Police Department (*e.g.*, complaints, witness statements, reports of investigations, and findings or results of such investigations).

16

**Request for Production Number 16:**

The COH objects to this request to the extent it is overly broad, unduly burdensome or expensive, and seeks information in excessive detail. The COH objects to this request to the extent the information sought (a) is irrelevant and immaterial to the issues in this lawsuit, and (b) is not reasonably calculated to lead to the discovery of admissible evidence. The COH objects to this request to the extent it seeks documents which are protected from disclosure by the law enforcement investigatory privilege, the self-critical analysis privilege, the deliberative process privilege, and/or the official information privilege.

Without waiving the foregoing objections, and reserving the right to supplement this response upon further discovery, the COH states that it will produce all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request at the offices of F&B LAW FIRM, P.C., 213 Greene Street, Huntsville, Alabama 35801, at a time that is mutually convenient for the parties and their counsel.

**Request for Production Number 17:**

The COH objects to this request to the extent it is not reasonably limited as to time and scope. The COH objects to this request to the extent it is overly broad, unduly burdensome or expensive, and seeks information in excessive detail. The COH objects to this request to the extent the information sought (a) is irrelevant

17

and immaterial to the issues in this lawsuit, and (b) is not reasonably calculated to lead to the discovery of admissible evidence. The COH objects to this request to the extent it requests the COH to respond on behalf of any co-defendant, or any individual or legal entity other than itself on the ground that such a request exceeds the scope of permissible discovery authorized by the <u>Federal Rules of Civil Procedure</u>.

Without waiving the foregoing objections, and reserving the right to supplement this response upon further discovery, the COH states that it does not have any materials in its custody, possession, or control currently belonging to the Birmingham Police Department or the City of Birmingham.

**Request for Production Number 18:**

The COH objects to this request to the extent it is overly broad, unduly burdensome or expensive, and seeks information in excessive detail. The COH objects to this request to the extent the information sought (a) is irrelevant and immaterial to the issues in this lawsuit, and (b) is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objections, and reserving the right to supplement this response upon further discovery, the COH states that it will produce all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request at the offices

of F&B LAW FIRM, P.C., 213 Greene Street, Huntsville, Alabama 35801, at a time

that is mutually convenient for the parties and their counsel.

**Request for Production Number 19:**

The COH objects to this request to the extent it is not reasonably limited as

to time and scope.  The COH objects to this request to the extent the information

sought (a) is irrelevant and immaterial to the issues in this lawsuit, and (b) is not

reasonably calculated to lead to the discovery of admissible evidence.  The COH

objects to this request to the extent it is unreasonably cumulative and duplicative of

other requests for production.

Without waiving the foregoing objections, and reserving the right to

supplement this response upon further discovery, the COH states that it will

produce all non-objectionable materials, to the extent they are in its custody,

possession, or control, that are reasonably responsive to this request at the offices

of F&B LAW FIRM, P.C., 213 Greene Street, Huntsville, Alabama 35801, at a time

that is mutually convenient for the parties and their counsel.

**Request for Production Number 20:**

The COH objects to this request to the extent it is overly broad, unduly

burdensome or expensive, and seeks information in excessive detail.  The COH

objects to this request to the extent it is unreasonably cumulative and duplicative of

other requests for production.  The COH objects to this request to the extent it

seeks documents which are protected from disclosure by the law enforcement investigatory privilege, the self-critical analysis privilege, the deliberative process privilege, and/or the official information privilege.

Without waiving the foregoing objections, and reserving the right to supplement this response upon further discovery, the COH states that it will produce all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request at the offices of F&B LAW FIRM, P.C., 213 Greene Street, Huntsville, Alabama 35801, at a time that is mutually convenient for the parties and their counsel.

_____
Allen L. Anderson (ASB-5940-R75A)
Allison B. Chandler (ASB-5553-L75C)

**Attorneys for defendants City of Huntsville, Alabama, Chief Lewis Morris, and Lieutenant Dewayne McCarver**

**OF COUNSEL:**

**F&B LAW FIRM, P.C.**
213 Greene Street
Huntsville, Alabama 35801
Telephone Number:  (256) 536-0095
Facsimile Number:  (256) 536-4440
E-mail: court@fb-pc.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of November, 2014, I have served a copy upon the following by depositing a copy in the United States Mail, first class, postage prepaid, addressed to them:

ALYSON HOOD RAINS
BRETT M. BLOOMSTON
JOSEPH J. BASGIER, III
**BLOOMSTON BASGIER**
2151 Highland Avenue, Suite 310
Birmingham, Alabama  35205
Telephone Number:  (205) 212-9700
Facsimile Number:  (205) 212-9701
E-mail:  joe@bloomstonbasgier.com
        brett@bloomstonbasgier.com
        alyson@bloomstonbasgier.com

WENDY BROOKS CREW
**THE LAW FIRM OF WENDY
CREW**
2001 Park Place North, Suite 550
Birmingham, Alabama  35203
Telephone Number:  (205) 326-3555
Facsimile Number:  (205) 326-1081
E-mail:  wbcrew4@aol.com

_____
Allen L. Anderson

21