FILED

2015 Mar-03  AM 09:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT C

# BLOOMSTON & BASGIER

BRETT M. BLOOMSTON
'JOSEPH J. BASGIER, III

'Also Admitted To Practice in Virginia and Washington D. C.

2151 HIGHLAND AVENUE SOUTH, STE. 310
BIRMINGHAM, ALABAMA 35205
(205) 212-9700 TELEPHONE
(205) 212-9701 FACSIMILE
WWW.BLOOMSTONBASGIER.COM

ALYSON HOOD RAINS

November 20, 2014

*VIA FIRST CLASS MAIL AND EMAIL:anderson@fb-pc.com; achandler@fb-pc.com*

Allen Anderson, Esq.
Allison Chandler, Esq.
F&B Law Firm, PC
213 Greene Street
Huntsville, AL 35801

Re:    Nancy Smith v. City of Huntsville, et al; 14-555 AKK

Dear Counsel:

Our office is in receipt of the Responses of Defendant, City of Huntsville, Alabama, to First Request for Production by Plaintiff. In response to Requests No. 3, 4, 5, 6, 8, 11, 16, 18, 19 and 20, you have asserted that without waiving your objections, said documents are available for inspection at your office. As required by Rule 34(E)(i), "A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." In accordance with Rule 34, please provide us with a copy of all of the documents you have asserted are responsive to those requests at your earliest convenience. If the document are too voluminous for copying at your office, please have them sent to a copy company or burn the documents to a disc, whichever is most convenient.

In response to Request No. 1 and 2 you have asserted several privileges and expressed your concern regarding the confidentiality of those records. As noted, the privileges you asserted under state law are privileges only asserted regarding civil subpoenas issued regarding a criminal matter in which the documents cannot be ascertained through the criminal rules. Said privileges are not applicable in this case. If there is a rule of law or any authority for your asserting of these privileges please cite them in your response to this letter.

Further, as you are aware, we are entitled to the Internal Affairs Division files as well as the Personnel files of those officers or Huntsville Police Department employees named in the Complaint in order to prove pattern and practice as well as the City's deliberate indifference. As to the confidentiality, the local rules have adopted and implemented a redaction policy, which the defendants used in the first set of production, to avoid any issues as to confidentiality. Notwithstanding, in compliance with Judge Kallon's policy prior to filing a Motion to Compel, we are willing to narrow our scope to the records of the named

defendants in Plaintiff's Amended Complaint: DeWayne McCarver, Lee Trimble, Kirk Giles, Gilen Eaves, Tesla Hughes, Blake Dean, Charlie Gray, Terry Lucas, and Lewis Morris.

In response to Requests No. 5, 6, 9 and 15 you have requested further clarification of certain terminology used in Plaintiff's Request for Production.   In attempting to further clarify Plaintiff's request:

- "Snitch sheets": As further defined in the request, snitch sheets include daily logs, attendance records or any dispatch logs surrounding the arrest and subsequent death of Minor N.S.
- "Field logs": As further defined in the request, field logs are documents of all Huntsville Police Department officers that participated in or responding to the incident with Minor N.S.
- "Roll call desk book": As further defined in the request, documents maintained during or after roll call which mentions Minor N.S., Plaintiff or any of the incidents referred to in the Plaintiff's complaint.
- "Certification of documents": As further defined in the request, documents relating to the certification of the Huntsville Police Department regarding excessive force, Internal Affairs Division complaints and Internal Affairs Division determination by any certification agency such as C.A.L.E.A.

In response to Requests No. 14 and 17, you have asserted that the requests are not limited in scope and time and the requests seek disclosure of arrest records of individuals not involved in this lawsuit which carries the potential for invasion of privacy.  As to the issue of time and scope, Plaintiff's requests specifically addresses a limited scope of excessive force complaints for the five (5) years preceding June 13, 2013.  If you could specify your confusion as to the time and scope of this requests, we will further address your objection.

As to the invasion of privacy of arrest records, first, arrest records are not privileged under the Federal Rules of Evidence.  Second, Plaintiff did not request arrest records but only requested the documents regarding complaints made against Huntsville Police Department officers regarding excessive force, which is the basis of the allegations in Plaintiff's Complaint that resulted in a minor's death.  Therefore, any potential issues of privacy are covered under the redaction policy.  Plaintiff asserts the same argument in response to Defendant's objection to Request No. 17.

Lastly, in Defendant's production there are documents referenced that are not included in Defendant's document production but were requested in Plaintiff's Request for Production.  Please provide the following as well as all other documents discussed above and in Plaintiff's Request for Production:

- Bates Stamp D 313-Paula Payton's written statement
- Bates Stamp D 312-Earnest Colin's written statement
- Bates Stamp D 312-Ambulance report "run sheet" along with the call for service report.
- Bates Stamp D310-Confidential informant's witness statement.

Please contact me at your earliest convenience if we need to further address these issues.  If we do not hear from you within seven (7) days or receive the requested documents, we will need to confer before filing a motion to compel.  We look forward to hearing from you.

Sincerely,

BLOOMSTON & BASGIER