FILED
2015 Mar-03 AM 09:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT D



F&B Law Firm, P.C.

Michael L. Fees  
Allen L. Anderson  
Ryan G. Blount

Jeffrey L. Roth  
Stacy L. Moon  
Allison B. Chandler

November 25, 2014

**SENT VIA EMAIL TO**
arains@BloomstonBasgier.com

ALYSON HOOD RAINS  
**BLOOMSTON BASGIER**  
2151 Highland Avenue, Suite 310  
Birmingham, Alabama 35205

Dear Alyson:

We are in receipt of your correspondence of November 20, 2014.

First, in response to your request for a copy of all documents that are responsive to plaintiff's request for production, we previously provided you with multiple discs containing all documents in the possession of the City of Huntsville, Alabama ("COH"), that we believe are responsive to those requests and constitute defendants' initial disclosures. They are Bates-labeled D0001-0404 for identification purposes.

Second, as we asserted in the objections by the COH to plaintiff's request for production numbers 1 and 2, we maintain that the stated privileges are applicable in this case. Moreover, as we also asserted, these requests are extremely overbroad. Your requests for information from Internal Affairs, training records, complaints, and documentation reflecting any disciplinary action taken for 23 employees of the Huntsville Police Department ("HPD") during their entire tenure with HPD are not reasonably limited in time or in scope.

Furthermore, many of your demands are premature in light of your filing the amended complaint today. We have not yet had the opportunity to analyze your amended complaint to determine whether plaintiff's claims in it are properly plead and whether the newly-added defendants are proper parties to the case, entitling you to any of their COH or HPD records. In addition, despite your claim to entitlement to "the Personnel files of those officers or Huntsville Police Department employees named in the Complaint," plaintiff's request for production to the COH does not mention personnel files in any way.

Third, while your definitions provided do not resolve the vagueness and ambiguity of the terms themselves, we have provided all documents that are responsive to plaintiff's request for production numbers 5, 6, 9, and 15.

213 Greene Street ~ Huntsville, Alabama 35801 ~ Telephone 256.536.0095 ~ Facsimile 256.536.4440 ~ www.fb-pc.com

ALYSON HOOD RAINS
November 25, 2014
Page 2

Fourth, in regard to plaintiff's request for production number 14, we maintain our objections previously provided to you, particularly that the request is not limited in scope. The stated category of "excessive force" is overly broad without further clarification as to the type of force allegedly used, type of complainant, or other details surrounding prior complaints within the five-year requested period. Further, we do not believe plaintiff is entitled to all aspects of any investigation by HPD into a complaint against one of its officers, as only the complaints themselves and findings of the investigation would be relevant and potentially non-objectionable information.

We also maintain our objections and response to plaintiff's request for production number 17, as the COH does not have any materials in its custody, possession, or control currently belonging to the Birmingham Police Department or the City of Birmingham.

Fifth, we will confer with HPD personnel regarding the whereabouts of the written statements of Paula Payton and Earnest Colin, and we will supplement our document production accordingly. While we will also inquire as to whether HPD possesses a copy of the ambulance report "run sheet," this nature of this document suggests it was generated by an entity other than HPD, particularly Huntsville Emergency Medical Services (a non-party to whom plaintiff may issue a subpoena for discoverable materials). Additionally, we maintain our objections to production of the confidential informant's witness statement due to the sensitive nature of the document and for the protection of his identity. The extent of the confidential informant's involvement in the incident underlying plaintiff's lawsuit and any events witnessed are detailed in the supplements to the incident/investigation report, which have already been produced.

Finally, we note that your correspondence imposes a seven-day deadline for response before a motion to compel is filed. Frankly, we find this short deadline unreasonable in light of the upcoming Thanksgiving holiday period and that your correspondence was sent prior to filing plaintiff's amended complaint. We expect to maintain a level of professional courtesy during our representation in this case, and hope that you will do the same.

Sincerely yours,

F&B LAW FIRM, P.C.

*Allison B. Chandler* (signature)

Allison B. Chandler

ABC/slt