FILED
2015 Mar-03 AM 09:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT G



F&B Law Firm, P.C.

Michael L. Fees  
Allen L. Anderson  
Ryan G. Blount

Jeffrey L. Roth  
Stacy L. Moon  
Allison B. Chandler

February 23, 2015

**VIA E-MAIL TRANSMISSION**  
alyson@bloomstonbasgier.com

ALYSON HOOD RAINS  
**BLOOMSTON BASGIER**  
2151 Highland Avenue, Suite 310  
Birmingham, Alabama  35205

    Re:    *Nancy Smith vs. City of Huntsville, et al.*  
            Civil Action Number:  5:14-cv-555-AKK

Dear Alyson:

    In light of your telephone conference with Allen Anderson on February 20, 2015, we would like to clarify the status of the responses and document production of the City of Huntsville, Alabama ("COH"), to plaintiff's request for production of documents, as least as we understand it. In the hopes that all parties are on the same page with respect to discovery in this case, we have reviewed the status of our response to each of plaintiff's requests for production below:

    • <u>Request for Production No. 1</u>: The COH objected to this request on a number of grounds, and we maintain those objections. However, we were able to come to an agreement with respect to the personnel and training files for Agent Joseph Blake Dean and Agent Tesla Hughes, as documented in your e-mail correspondence. (<u>See</u> 12/3/14 A. Rains E-mail to A. Chandler [enclosed]). We have produced those files to you. (<u>See</u> D0412-D0567).

    • <u>Request for Production No. 2</u>: The COH objected to this request on a number of grounds, and we maintain those objections. However, we were able to come to an agreement with respect to the personnel and training files for Agent Joseph Blake Dean and Agent Tesla Hughes, as documented in your e-mail correspondence. (<u>See</u> 12/3/14 A. Rains E-mail to A. Chandler). We have produced those files to you. (<u>See</u> D0412-D0567).

ALYSON HOOD RAINS
February 23, 2015
Page 2

• Request for Production No. 3: The COH has produced to plaintiff all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request. (See D0001-D0003, D0281-D0402, D0405-D0411). We will also confer with our client and determine whether there are any additional materials responsive to this request.

• Request for Production No. 4: The COH has produced to plaintiff all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request. (See D0001, D0003).

• Request for Production No. 5: The COH has produced to plaintiff all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request. (See D0295-D0300, D0344).

• Request for Production No. 6: The COH has produced to plaintiff all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request. (See D0001-D0003, D0281-D0292, D0295-D0338, D0344-D0402, D0405-D0411).

• Request for Production No. 7: The COH objected to this request on a number of grounds, and we maintain those objections. However, we were able to come to an agreement with respect to materials documenting allegations and/or complaints involving use(s) of force made against officers of the Huntsville Police Department ("HPD") for the five (5) years preceding the events underlying the complaint. Specifically, we agreed to produce the initiating complaint and disposition for allegations and/or complaints involving uses of force of arms, legs, feet, elbows, other body parts, and oleoresin capsicum ("OC" or "pepper") spray. (See 12/3/14 A. Rains E-mail to A. Chandler). We have produced those files to you. (See D1057-D1200).

• Request for Production No. 8: The COH has produced to plaintiff all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request. (See D0004-D0005). We will also confer with our client and determine whether there are any additional materials responsive to this request.

• Request for Production No. 9: The COH objected to this request on a number of grounds, and we maintain those objections. However, the COH does not have any materials in its custody, possession, or control reasonably responsive to this request.

• Request for Production No. 10: As stated in the COH's responses to plaintiff's request for production, the COH does not have any materials in its custody, possession, or control reasonably responsive to this request.

• Request for Production No. 11: The COH has produced to plaintiff all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request. (See D0001-D0003).

ALYSON HOOD RAINS
February 23, 2015
Page 3

- Request for Production No. 12: The COH objected to this request on a number of grounds, and we maintain those objections. However, the COH does not have any materials in its custody, possession, or control reasonably responsive to this request.

- Request for Production No. 13: As stated in the COH's responses to plaintiff's request for production, the COH does not have any materials in its custody, possession, or control currently belonging to the Birmingham Police Department.

- Request for Production No. 14: The COH objected to this request on a number of grounds, and we maintain those objections. However, we were able to come to an agreement with respect to materials documenting allegations and/or complaints involving use(s) of force made against officers of HPD for the five (5) years preceding the events underlying the complaint. Specifically, we agreed to produce the initiating complaint and disposition for allegations and/or complaints involving uses of force of arms, legs, feet, elbows, other body parts, and oleoresin capsicum ("OC" or "pepper") spray. (See 12/3/14 A. Rains E-mail to A. Chandler). We have produced those files to you. (See D1057-D1200).

- Request for Production No. 15: The COH has produced to plaintiff all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request. (See D0006-D0280).

- Request for Production No. 16: The COH has produced to plaintiff all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request. (See D0006-D0280).

- Request for Production No. 17: As stated in the COH's responses to plaintiff's request for production, the COH does not have any materials in its custody, possession, or control currently belonging to the Birmingham Police Department.

- Request for Production No. 18: The COH objected to this request on a number of grounds, and we maintain those objections. However, we were able to come to an agreement with respect to the particular policies outlined in your February 12, 2015, correspondence. (See 2/12/15 A. Rains Ltr. to F&B; 2/20/15 A. Anderson Ltr. to A. Rains; 2/20/15 Telephone Conf. between A. Anderson and A. Rains). Accordingly, we will produce any policies of HPD, to the extent they exist, that fall under plaintiff's categories of "Use of Force Policy and Procedure," "Medical Policy and Procedure, including medical protocol relating to possible injury of an arrestee," "Arrest Policy and Procedure," "Complaint Investigation Policy," "Surveillance Equipment Policy," and "Medical training documents, manuals, handbooks or the like providing information on the training provided to Huntsville Police Department employees." (See 2/12/15 A. Rains Ltr. to F&B).

ALYSON HOOD RAINS
February 23, 2015
Page 4

- Request for Production No. 19: The COH has produced to plaintiff all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request. (See D0004-D0005).

- Request for Production No. 20: The COH has produced to plaintiff all non-objectionable materials, to the extent they are in its custody, possession, or control, that are reasonably responsive to this request. (See D0003, D0281-D0292, D0318-D0323, D0325-D0333). We will also confer with our client and determine whether there are any additional materials responsive to this request, particularly with respect to the categories identified in your February 12, 2015, correspondence, namely "The documents reflecting specific circumstances that warranted the set-up of minor, N.S." and "Any and all document/writings from or to the Operations Bureau Commander regarding the use of the minor informant in this case and the approval of this specific set-up/take down of Minor, N.S." (See 2/12/15 A. Rains Ltr. to F&B; 2/20/15 A. Anderson Ltr. to A. Rains; 2/20/15 Telephone Conf. between A. Anderson and A. Rains).

If the summary above does not accurately reflect your understanding of the status of the COH's responses to plaintiff's request for production, please let me know. Otherwise, we will produce copies of the referenced / requested documents as promptly as possible.

                Sincerely,

                F&B LAW FIRM, P.C.

                *[signature]*

                Allison B. Chandler

ALA/mkg

**From:** Alyson Rains [mailto:arains@BloomstonBasgier.com]
**Sent:** Wednesday, December 03, 2014 12:00 PM
**To:** Allison Chandler
**Subject:** Discovery Issues

Allison,

Pursuant to our conversation this morning regarding outstanding discovery issues, we have reached the following agreement at this time: the City of Huntsville will provide the Personnel and Training files for both Agent Hughes and Agent Dean. Although we have requested all of the Defendants, we have not reached an agreement to those individuals and will file a Motion to Compel on those issues if necessary. Further, we have also agreed that the City of Huntsville will provide us with allegations and/or complaints of force made against HPD officers for the 5 years preceding the filing of the Complaint for the followings types of force: arms, legs, feet, elbows, or other force using a body part as well as mace. The City of Huntsville has agreed to provide, at the least, the initiating complaint and disposition. If we determine it is necessary to further request other types of force and/or investigatory documents to support our Failure to Investigate claim, we will address that in a Motion to Compel. Lastly, as we discussed, the City of Huntsville has sent additional documents responsive to our request that we are currently awaiting. Those documents include the statements of Paula Payton and Earnest Colin. After we review the updated discovery, we will contact you and discuss whether we will need to file a Motion to Compel. Please e-mail me if anything in this correspondence is not consistent with our discussion. Have a good day.

## Alyson Hood Rains
BLOOMSTON & BASGIER
2151 Highland Avenue S. Ste. 310
Birmingham, AL 35205
Telephone (205) 212-9700
Fax (205) 212-9701

The information in this e-mail and in any attachments are confidential and intended solely for the attention and use of the named addressee(s). This information may be subject to legal, professional, or other privilege, or may otherwise be protected by work product, immunity or other legal rules.
It must not be disclosed to any person without the sender's authority. If you are not the intended recipient, or are not authorized to receive it for the intended recipient, you are not authorized to, and must not, disclose, copy, distribute, or retain this message or any part of it.