# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| NANCY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 5:14-cv555-AKK |
| ) | |
| CITY OF HUNTSVILLE, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendant City of Huntsville, Alabama ("COH"), opposes plaintiff's motion to compel since plaintiff failed to comply with the Court's procedures for discovery disputes outlined in Appendix IV of the scheduling order. (Doc. 25). Additionally, the parties are still in the process of potentially resolving their dispute, and plaintiff has not shown that she is entitled to the broad scope of materials requested. In further support of its opposition, the COH states:

**I.    INTRODUCTION**

1.    Plaintiff served her requests for production of documents to the COH on October 13, 2014. (Doc. 43-1).

2.    The COH served its objections and responses to plaintiff's request for production on November 12, 2014. (Doc. 43-2).

3. On November 20, 2014, plaintiff sent correspondence to defense counsel regarding the COH's objections and responses to plaintiff's request for production. (Doc. 43-3).

4. Defense counsel responded to plaintiff's November 20, 2014, correspondence on November 25, 2014, further elaborating on the COH's specific objections to certain of plaintiff's requests for production. (Doc. 43-4).

5. The parties next conferred via telephone on December 3, 2014, which was memorialized in electronic correspondence the same day, and outlined the parties' agreement on specific discovery issues. (Doc. 43-6).

6. On January 23, 2015, the COH produced the materials outlined in the December 3, 2014, electronic correspondence.

7. On February 12, 2015, plaintiff sent correspondence to defense counsel seeking specific items to be produced by the COH. (See Doc. 43-7 [referencing correspondence]). Defense counsel responded on February 20, 2015, addressing their concerns with the additional requests, yet informing plaintiff of their intention to supplement the COH's document production. (See Doc. 43-7 [referencing correspondence]).

8. In an effort to memorialize the parties' agreements on discovery and clarify any remaining issues, defense counsel sent correspondence to plaintiff on

February 23, 2015, analyzing the status of the COH's document production with respect to each of plaintiff's requests for production, as well as the items requested by plaintiff in her February 12, 2015, correspondence. (Doc. 43-7). Defense counsel again informed plaintiff of their intention to determine whether the materials sought by plaintiff existed and to supplement the COH's document production. (Id.).

9. Just over a week after defense counsel sent their February 23, 2015, correspondence, plaintiff filed a motion to compel on March 3, 2015.[1] (Doc. 43).

## II. ARGUMENT

### A. Plaintiff Failed to Follow the Court's Procedures Regarding Discovery Disputes.

10. At the outset, plaintiff's motion to compel is due to be denied since plaintiff did not follow the Court's specific procedures regarding discovery disputes. Appendix IV of the scheduling order entered in this case informs the parties that "[i]f a discovery dispute arises, *in lieu of filing a written motion,* the moving party shall contact Judge Kallon's chambers . . . and place the matter on the next available discovery calendar." (Doc. 25, p. 17) (emphasis added). Prior to contacting the judge's chambers, the moving party must confer with opposing counsel regarding their availability for the discovery calendar. (Id.). Additionally, the moving party

---

[1] In addition, the period between February 23, 2015, and March 3, 2015, included multiple days of inclement weather severe enough to close non-essential COH offices and entities.

3

must file a notice of hearing informing the Court of the substance of the dispute. (Id.).

11. Furthermore, Appendix IV specifically states that "[n]o written discovery motions, ***including motions to compel,*** for protective order, or related motions for sanctions shall be filed unless directed by the Court at the discovery calendar." (Doc. 25, p. 18) (emphasis added).

12. Plaintiff failed to follow these instructions from the Court in Appendix IV regarding the procedure for handling discovery disputes. Defense counsel was not contacted regarding their availability for a discovery calendar. To their knowledge, plaintiff has not contacted the chambers to be placed on a discovery calendar, and no notice of hearing has been filed. Instead of following the Court's guidelines, plaintiff bypassed these procedures and filed a motion to compel without being directed to do so by the Court.

13. Thus, based on plaintiff's noncompliance with the Court's discovery procedures alone, plaintiff's motion to compel is due to be denied.

**B.    Even If the Court Considered Plaintiff's Motion to Compel, It Should Be Denied.**

14. Even if the Court were consider the merits of plaintiff's motion to compel despite her failure to follow the discovery procedures, the motion is still due

to be denied for a number of reasons, namely that any discovery dispute is not yet ripe for consideration by the Court, and that plaintiff has mischaracterized defense counsel's level of cooperation and participation in discovery.

15. First, most of plaintiff's disputes with the COH's responses and objections to her requests for production set forth in her broad motion to compel are not yet ripe for the Court's consideration on such a motion. As evidenced by the February 23, 2015, correspondence to plaintiff (doc. 43-7), defense counsel believed the parties were in the midst of identifying and narrowing exactly which documents (or the type of documents) plaintiff sought the COH to produce, and were in the process of confirming such materials existed and had been produced or not. Instead, a week later, plaintiff filed her motion to compel without giving the COH and defense counsel ample opportunity to supplement its production.

16. Similarly, plaintiff has never conferred with defense counsel regarding some of the COH's responses and objections to her requests for production on which she now moves the Court to compel the COH to further respond. For example, plaintiff states that "on December 2, 2014[,] Plaintiff again attempted to further resolve Plaintiff's outstanding discovery requests by narrowing some of her requests and further clarifying some of the terms Defendant City objected to for vagueness[,]" citing Exhibit E to the motion to compel. (Doc. 43, ¶ 6; see also ¶ 12). However, this

purported correspondence was never received by defense counsel.[2] (See Def.'s Ex. A, A. Anderson Aff., ¶ 5; Def.'s Ex. B, A. Chandler Aff., ¶ 5). Thus, plaintiff has not voiced her concerns with the COH's responses and objections to request for production numbers 13 and 17 prior to filing her motion to compel with the Court.

17. Along the same lines, plaintiff has not attempted to resolve any issues she may have with the COH's responses and objections to request for production numbers 7 and 12 before filing her motion to compel. Indeed, these specific requests for production are not mentioned in any correspondence from plaintiff to defense counsel (including the correspondence defense counsel did not receive). Plaintiff's failure to confer with opposing counsel regarding these requests should preclude her from seeking intervention with the Court on them.

18. Second, in her motion to compel, plaintiff seems to suggest defense counsel is not properly responding to her discovery based solely on the number of objections asserted by the COH to each request. (See Doc. 43, ¶ 3). However, the fact that the COH asserted multiple objections to each individual request for production is not grounds for a motion to compel the COH to further respond. Moreover, simply because the same objections were made to several requests does not render them inapplicable to the corresponding request.

---

[2] Furthermore, this correspondence bearing the date of December 2, 2014, is not signed, contrary to plaintiff's previous correspondence, and is blank in areas, suggesting that it was not sent. (Compare Doc. 43-2 [signed November 20, 2014, correspondence], with Doc. 43-5 [unsigned]).

19. Next, plaintiff misstates the COH's level of response and cooperation with discovery. In her motion to compel, plaintiff implies that the COH has responded to only ten requests for production, and several of her discovery requests are outstanding without any response from the COH other than objections. (Doc. 43, pp. 3-6). However, this is simply not the case. The February 23, 2015, correspondence from defense counsel to plaintiff makes clear that for each of plaintiff's requests for production, the COH has either produced materials responsive to that particular request for production, or has confirmed that no responsive materials exist. (<u>See</u> Doc. 43-7).

20. Finally, plaintiff's motion to compel cannot properly be based on the timing of the COH's responses and production in light of the ongoing correspondence between the parties. It is to be expected that discovery in litigation premised on complex federal statutes (42 U.S.C. §§ 1983 and 1988) and involving multiple defendants, during which plaintiff has served at least twenty requests for production seeking documents from multiple departments across the COH, would naturally span the course of several months.

**C. Specific Objections to Plaintiff's Requests for Production.**

21. In addition to the general lack of foundation for plaintiff's motion to compel noted above, the COH will address each of the requests for production (and corresponding arguments) highlighted by plaintiff in her motion.

22. **Plaintiff's request for production number 7:** As noted above, plaintiff failed to confer with defense counsel regarding any concern with the COH's objections and/or documents produced in response to this particular request, and a motion to compel on this issue is premature.

Additionally, despite plaintiff's attempt to brush off many of the COH's objections to this request (see Doc. 43, p. 4 ["[i]n addition to other general objections . . ."]), these objections are particularly pertinent to this request. Among other grounds, the COH objected to this request to the extent it is not reasonably limited as to time and scope, is overly broad, unduly burdensome, seeks information in excessive detail, and is irrelevant to the issues in this lawsuit. (Doc. 43-2). In particular, this request as currently framed would require the COH to produce all documents regarding any injury sustained by an arrestee from the beginning of the Huntsville Police Department to the present day. The lack of more specific details in the request, particularly the lack of any time frame or circumstance, renders this request objectionable. Furthermore, plaintiff's attempt to narrow this request is unavailing. She argues that these documents will show what medical care was provided "in prior substantially similar situations." (Doc. 43, ¶ 15). However, this limitation was not previously discussed with defense counsel, is vague at best, and still does not address the COH's objections, particularly with respect to time limitation.

23. **Plaintiff's request for production number 8:** As indicated to plaintiff in correspondence dated February 23, 2015 (doc. 43-7), the COH has produced to plaintiff non-objectionable materials responsive to this request. Defense counsel also informed plaintiff that they would confer with their client to confirm that these are the only materials responsive to this request.

24. **Plaintiff's request for production number 12:** As previously pointed out in the February 23, 2015, correspondence (doc. 43-7), the COH does not have any materials if its custody, possession, or control reasonably responsive to this request. The COH cannot be compelled to produce materials which do not exist or are not in its custody, possession, or control.

25. **Plaintiff's request for production number 14:** Despite the COH's prior objections to this request for production, the parties were able to come to a preliminary agreement with respect to the materials sought in this request. (See Docs. 43-6, 43-7).

The COH has already produced materials documenting allegations and/or complaints involving use(s) of force made against officers of the Huntsville Police Department for the five (5) years preceding the events underlying the lawsuit. Specifically, the COH produced the initiating complaint and disposition for allegations and/or complaints involving uses of force of arms, legs, feet, elbows, other

body parts, and oleoresin capsicum ("OC" or "pepper" spray) to plaintiff. (See Doc. 43-7).

In her motion to compel, plaintiff fails to acknowledge that the COH has produced any materials in response to this request for production at all. Instead, she cites general section 1983 case law regarding *supervisory* liability (as opposed to *municipal* liability), and asks the Court to compel the COH to produce materials responsive to her request. Importantly, plaintiff offers no explanation or argument to persuade the Court why the materials already produced by the COH are insufficient to meet her burden to establish that the COH had a policy or practice of failing to investigate claims or allegations of excessive force by its officers. Without such, the COH should not be compelled to produce more.

26. **Plaintiff's request for production number 17:** As noted above, plaintiff failed to confer with defense counsel regarding any concern with the COH's objections and/or documents produced in response to this particular request. Thus, the COH cannot be compelled to produce such materials without prior notice, and the motion is premature.

Additionally, as with request for production number 14, plaintiff has not effectively argued that such documents will establish that the COH had a policy or practice of failing to investigate claims or allegations of excessive force by its

10

officers. Plaintiff seeks the category of materials in this request for production "to show this Court that Defendant City is deliberately indifferent to the constitutional rights of Huntsville citizens by having actual knowledge of said allegations but deliberately failing and refusing to investigate claims or take appropriate remedial actions to prevent further misconduct." (Doc. 43, ¶ 16). Yet any notices of claim produced by the COH will not show whether or not the COH "deliberately fail[ed] and refus[ed] to investigate claims or take appropriate remedial actions" with respect to such allegations because the notices of claim are merely allegations without any avenue for investigation or other response by the COH. Furthermore, the fact that such allegations were made in the past does not demonstrate that they had any merit. See Brooks v. Scheib, 813 F.2d 1191, 1193 (11th Cir. 1987) (finding that "the number of complaints bears no relation to their validity").

27. **Plaintiff's request for production number 18:** Despite the COH's prior objections to this request for production, the parties were able to come to a preliminary agreement with respect to the materials sought in this request. (See Doc. 43-7). Specifically, the COH agreed to produce a number of policies on the particular topics outlined by plaintiff. However, only a week after this agreement, plaintiff filed her motion to compel, without sufficient opportunity for the COH to respond and produce the requested materials. Accordingly, the motion to compel is premature on this issue.

28. **Plaintiff's request for production number 20:** As indicated to plaintiff in correspondence dated February 23, 2015 (doc. 43-7), the COH has produced to plaintiff non-objectionable materials responsive to this request. Defense counsel also informed plaintiff that they would confer with their client to confirm that these are the only materials responsive to this request.

III. **CONCLUSION**

As set out above, plaintiff failed to comply with the Court's procedures for discovery disputes outlined in the scheduling order. Additionally, the parties are still in the process of potentially resolving any disputes, and plaintiff has not shown that she is entitled to the broad scope of materials requested. Thus, the COH respectfully requests the Court to enter an order denying plaintiff's motion to compel.

*S/Allen L. Anderson*
Allen L. Anderson (ASB-5940-R75A)
Allison B. Chandler (ASB-5553-L75C)

***Attorneys for defendants City of Huntsville, Alabama, Chief Lewis Morris, Lieutenant Dewayne McCarver, Lieutenant Lee Tribble, Deputy Chief Kirk Giles, Sergeant Glen Eaves, Agent Tesla Hughes, Agent Joseph Blake Dean, Investigator Charlie Gray, and Agent Terry Lucas***

**OF COUNSEL:**

**F&B LAW FIRM, P.C.**
213 Greene Street
Huntsville, Alabama 35801
Telephone Number: (256) 536-0095
Facsimile Number: (256) 536-4440
E-mail: court@fb-pc.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 11th day of March, 2015, I electronically filed the foregoing with Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

ALYSON HOOD RAINS
BRETT M. BLOOMSTON
JOSEPH J. BASGIER, III
**BLOOMSTON BASGIER**
2151 Highland Avenue, Suite 310
Birmingham, Alabama 35205
Telephone Number: (205) 212-9700
Facsimile Number: (205) 212-9701
E-mail: joe@bloomstonbasgier.com
       brett@bloomstonbasgier.com
       alyson@bloomstonbasgier.com

WENDY BROOKS CREW
**THE LAW FIRM OF WENDY CREW**
2001 Park Place North, Suite 550
Birmingham, Alabama 35203
Telephone Number: (205) 326-3555
Facsimile Number: (205) 326-1081
E-mail: wbcrew4@aol.com

                          *S/Allen L. Anderson*
                          Allen L. Anderson