FILED
2015 Mar-11 AM 09:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| NANCY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action Number: 5:14-cv-555-AKK |
| | ) |
| CITY OF HUNTSVILLE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**STATE OF ALABAMA** )
**COUNTY OF MADISON** )

## AFFIDAVIT TESTIMONY OF
## ALLEN L. ANDERSON

**BEFORE ME,** a Notary Public in and for Madison County, Alabama, personally appeared the affiant, Allen L. Anderson, and after first being duly sworn, he stated:

1. My name is Allen L. Anderson. I am over the age of nineteen years, and I reside in Madison County, Alabama. I have personal knowledge of the facts stated in this affidavit.

2. I am one of the attorneys of record for defendants City of Huntsville, Alabama, Chief Lewis Morris, Lieutenant Dewayne McCarver, Lieutenant Lee Tribble, Deputy Chief Kirk Giles, Sergeant Glen Eaves, Agent Tesla Hughes,

Agent Joseph Blake Dean, Investigator Charlie Gray, and Agent Terry Lucas in the above-styled case.

3. On March 3, 2015, I received plaintiff's motion to compel via the CM/ECF system. (Doc. 43). Attached to plaintiff's motion to compel as Exhibit E is an unsigned letter bearing the date of December 2, 2014, addressed to myself and Allison Chandler from the Bloomston Basgier law firm. (Doc. 43-5). This document is also included with this affidavit as Tab 1.

4. In her motion to compel, plaintiff states that she attempted to resolve discovery issues between the parties through this correspondence. (See Doc. 43, ¶ 6).

5. To my knowledge, I have never independently received this correspondence from Bloomston & Basgier, either via electronic mail or United States mail. The first date I read the contents of this correspondence was March 3, 2015, as Exhibit E to plaintiff's motion to compel.

**FURTHER AFFIANT SAITH NOT.**

_____
Allen L. Anderson

**SWORN TO AND SUBSCRIBED** before me this the _10th_ day of _March_, 2015.

_Mary K Grass_____
Notary Public
My Commission Expires: _04-25-17_



# Tab 1

FILED
2015 Mar-03 AM 09:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT E



# BLOOMSTON & BASGIER

BRETT M. BLOOMSTON
*JOSEPH J. BASGIER, III

*Also Admitted To Practice in Virginia and Washington D. C.

2151 HIGHLAND AVENUE SOUTH, STE. 310
BIRMINGHAM, ALABAMA 35205
(205) 212-9700 TELEPHONE
(205) 212-9701 FACSIMILE
WWW.BLOOMSTONBASGIER.COM

ALYSON HOOD RAINS

December 2, 2014

*VIA FIRST CLASS MAIL AND EMAIL:anderson@fb-pc.com; achandler@fb-pc.com*

Allen Anderson, Esq.
Allison Chandler, Esq.
F&B Law Firm, PC
213 Greene Street
Huntsville, AL 35801

   Re: <u>Nancy Smith v. City of Huntsville, et al</u>; 14-555 AKK

Dear Counsel:

  Our office is in receipt of your November 25, 2014 letter and responds as follows: Although we understand your objection to Request for Production Numbers 1 and 2 and state that our requests are overly broad. You allege that Plaintiff requests records for over 23 Huntsville Police Department employees. However, as stated in our November 20, 2014 letter, we narrowed our request to only those individuals listed in our Amended Complaint. It is our position that given our amended request, any objections you may have are cured and now moot.

  Second, although you have alleged that Plaintiff did not request the Personnel files of those officers or Huntsville Police Department employees named in the Complaint/Amended Complaint, said request is addressed in Request number __ of Plaintiff's Request for Production of Documents. If you have any further objection to Plaintiff's requests, please assert those so that we can obtain those documents as soon as possible.

  Third, in regard to Plaintiff's Request for Production number 14, your objection as to the term "excessive force," Plaintiff is willing to clarify by requesting "allegations of force made by any individual, whether an employee of the Huntsville Police Department or other citizen." As to the time frame, Plaintiff respectfully requests any allegations or complaints of force made against a Huntsville Police Department officer within the five (5) years preceding the filing of the Complaint.

  Furthermore, in regard to Plaintiff's clerical error, as I am sure you understand, Plaintiff was referencing Huntsville Police Department as opposed to Birmingham Police Department. We apologize for any confusion said request may have caused.

  Lastly, we appreciate your efforts in locating the additional statements and will wait to hear back from you. Upon receipt of this letter and review of Plaintiff's Amended Complaint, please call the office so we can discuss what objections, if any, you maintain so we can plan accordingly. I look forward to hearing back from you.

Sincerely,

**BLOOMSTON & BASGIER**